**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leslie James THOMPSON, aka: Lester J. Thompson, Defendant–Appellant.**

No. 95–50162.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 1996 *.

Decided April 17, 1996.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Jack P. Dicanio, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING **, District Judge.

T.G. NELSON, Circuit Judge:

## I

Lester Thompson pled guilty to possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)) and unlawful use of a facility in interstate commerce to facilitate an unlawful activity (18 U.S.C. § 1952(a)(3)). The district court sentenced Thompson to, among other things, sixty months of incarceration. Thompson appeals the sentence imposed.

## II

During the week of December 31, 1993, the Winston–Salem North Carolina Police Department received an anonymous tip that an individual named "Gerald" was receiving packages of crystal methamphetamine from California. The anonymous caller further advised that the packages were being sent from California to North Carolina via Federal Express or United Parcel Service.

On January 7, 1994, a canine trained in narcotics detection alerted on a Federal Express package sent by L. Thompson of Riverside, California, to Gerald Pena of Winston–Salem, North Carolina. The Federal Express package was delivered to Pena on that same day and, pursuant to a state search warrant, was searched by the Winston–Salem Police Department. The search revealed the presence of approximately 149.73 grams of methamphetamine.

On November 29, 1994, an indictment was filed in North Carolina charging Thompson with possession with intent to distribute 149.9 grams of methamphetamine (21 U.S.C. § 841(a)(1)), and the unlawful use of a facility in interstate commerce to facilitate an unlawful activity (18 U.S.C. § 1952(a)(3)). On November 29, 1994, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Thompson waived his right to trial in North Carolina and agreed to proceed with the action in the Central District of California. On December 27, 1994, Thompson pled guilty to both counts of the indictment.

On March 20, 1995, Thompson was sentenced to, among other things, a sixty-month period of incarceration. Thompson appeals the sentence imposed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.

## III

### A. Standard of Review

■ The district court's interpretation and application of the sentencing guidelines are reviewed *de novo. United States v. France,* 57 F.3d 865, 866 (9th Cir.1995).

### B. Analysis

■ In September 1994, Congress enacted a "safety valve" provision to limit the applicability of statutory minimum sentences. 18 U.S.C. § 3553(f). Section 3553(f) is set forth in the sentencing guidelines at § 5C1.2. It provides that, in certain circumstances, a court shall impose a sentence pursuant to the guidelines without regard to the statutory mandatory minimum, if the court finds at sentencing that:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise . . .; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all informa-

** Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

tion and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

At issue in the present case is only subsection 5 of § 3553(f) and U.S.S.G. § 5C1.2.

The district court refused to apply the safety valve provision because it found that, by refusing to reveal the source of the methamphetamine involved in the case, Thompson failed to fulfill the requirement of subsection 5 to provide the Government with all the information and evidence he had concerning the offense. The district court therefore sentenced Thompson to the mandatory minimum sentence.

Thompson argues that the district court's interpretation of § 5C1.2(5) as requiring a defendant to provide the government with the source of the drugs in order to qualify for its provisions "is at odds with the legislative intent and erroneously confuses the purpose of the safety valve section with the purposes of the 'substantial assistance' section, 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1." This argument lacks merit.

1. The district court's interpretation of U.S.S.G. § 5C1.2(5) is not at odds with the legislative intent.

The safety valve provision was enacted to ensure that mandatory minimum sentences are targeted toward relatively more serious conduct. H.R. Rep. 103–460, 103d Cong., 2d Sess.1994, 1994 WL 107571. As the legislative history states, without such a safety valve, "the very offenders who most warrant proportionally lower sentences-offenders that by guideline definitions are the least culpable-mandatory minimums generally operate to block the sentence from reflecting mitigating factors. This, in turn means that these least culpable offenders may receive the same sentences as their relatively more culpable counterparts." *Id.*

In order for a defendant to be entitled to protection from the penalties of mandatory minimum sentences, Congress listed five explicit requirements that the defendant must meet. One of these requirements is that the defendant truthfully provide to the Government *all information and evidence the defendant has concerning the offense.* U.S.S.G. § 5C1.2(5). Although the legislative history does not assist us in interpreting the scope of subsection 5, "the plain language of the statute and its implementing guideline, as well as the scheme of the guidelines, indicate that the [district court's] interpretation is correct." *United States v. Acosta–Olivas,* 71 F.3d 375, 378 (10th Cir.1995).

The phrase "all information and evidence" is quite broad. There is no limit placed on the type of information that must be provided. To the contrary, the plain meaning of the phrase is that any and all information that the defendant possesses concerning the offense must be provided to the Government. If the defendant chooses to not comply with subsection 5, he is not entitled to application of the safety valve even though he may be a less culpable offender. Thus, under the plain language of the statute, Thompson was required to reveal *all* the information he had regarding the offense, including the name of the source of the drugs.

This conclusion is consistent with other circuits' interpretations of subsection 5.

In *United States v. Arrington,* 73 F.3d 144, 148 (7th Cir.1996), the Seventh Circuit held that a district court can reasonably require a defendant to reveal information concerning his chain of distribution before granting relief under the safety valve provision. The court stated:

Section 3553(f) was intended to benefit defendants who wished to cooperate with the government (and in fact did everything they could to cooperate) but simply had no new or useful information to provide. But § 3553(f) was intended to benefit only those defendants who truly cooperate. Thus, to qualify for relief under § 3553(f), a defendant must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities.

[The defendant in this case] has not fulfilled the requirements of § 3553(f)(5). Although he stipulated to the basic details of his offense conduct, he made no further efforts to cooperate.... [The defendant] could have at least provided the name of the "source" who sold him the crack cocaine.

*Id.* (footnote and citation omitted). *See also United States v. Rodriguez,* 69 F.3d 136, 143–44 (7th Cir.1995) (affirming the district court's refusal to apply the safety valve provision because the defendant failed to provide the Government with the source of his drugs or the person to whom he intended to give the drugs).

In *Acosta–Olivas,* the Tenth Circuit held that subsection 5 requires a defendant to "tell the government all he knows about the offense of conviction and the relevant conduct, *including the identities and participation of others,* in order to qualify for relief from the statutory mandatory minimum sentence." 71 F.3d at 377–78 (emphasis added).

In *United States v. Buffington,* 879 F.Supp. 1220, 1222 (N.D.Ga.1995), the district court addressed "the extent of the information a defendant must provide in order to satisfy subsection (5)." The court held that the "[d]efendant is obliged to provide information relevant to his own course of conduct and his immediate chain of distribution, i.e., from whom he bought and to whom he sold, if he wishes to avail himself of the benefits of § 3553(f)." *Id.* at 1223.

Based on the plain language of the statute, the legislative history and the above precedent, we hold that a defendant must give the Government *all* the information he has concerning the offense, *including* the source of his drugs, to avail himself of the benefit of § 5C1.2.

In the present case, Thompson refused to reveal the source of the drugs to the Government. He therefore failed to fulfill the requirements of § 5C1.2 and the district court correctly sentenced him to the statutory mandatory minimum sentence.

2. The district court's interpretation of § 5C1.2 does not confuse the purpose of the safety valve provision with the purpose of the substantial assistance provision of § 5K1.1.

Thompson argues that the district court's interpretation of § 5C1.2 confuses the purpose of the safety valve provision with the substantial assistance provision of § 5K1.1. Thompson bases this argument on his contention that § 5C1.2 is not intended to reward defendants for cooperating with the Government "by naming names" because that type of cooperation is already covered by § 5K1.1. This argument lacks merit.

Sentencing Guideline § 5K1.1 provides, in relevant part:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The commentary to § 5K1.1 states that "[s]ubstantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant.... Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance...."

Thus, for a defendant to qualify for departure under § 5K1.1, the *Government* must make a motion for the departure, and the defendant must have given the Government *substantial assistance* in the investigation or prosecution of another person.

In contrast, a court may grant a defendant relief under § 5C1.2 if the defendant provides the Government with all information and evidence that he has concerning an offense even if "the defendant has no relevant or useful other information to provide or [ ] the Government is already aware of the information...." U.S.S.G. § 5C1.2(5). In other words, a defendant can qualify for relief under § 5C1.2 even if he does not substantially assist the Government. Furthermore, it is the court, and not the Government, that determines whether a defendant qualifies for relief under § 5C1.2.

Thus, whereas § 5K1.1 is intended to grant relief only if a defendant substantially assists the Government, § 5C1.2 is intended to grant relief to a defendant who provides all the information he possesses, regardless of whether the information assists the Government or not. As the legislative history explains: "A defendant who genuinely lacks knowledge of relevant information because of his or her limited role in the offense will not be precluded from benefiting from the exception [of § 5C1.2] if the court determines that the defendant has otherwise complied with the paragraph's requirements." H.R. Rep. 103–460, 103d Cong., 2d Sess.1994, 1994 WL 107571.

In the present case, the district court refused to apply the safety valve provision because Thompson refused to reveal the source of the drugs. By requiring Thompson to reveal his source, the district court was merely applying the clear mandate of § 5C1.2 that the defendant provide "*all* information and evidence defendant has concerning the offense...." U.S.S.G. § 5C1.2(5) (emphasis added).

Because Thompson refused to reveal the source of the drugs, he failed to fulfill the requirements for application of § 5C1.2. Therefore, the district court's refusal to apply the safety valve provision was proper.

AFFIRMED.