83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harrison Walcott SMITH, aka: Harrison W. Smith; aka:
Harrison Smith, Defendant-Appellant.
 No. 95-50218.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 26, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges, and VAN SICKLE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Harrison Walcott Smith appeals from his 120-month sentence for distribution of 123.2 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). He argues that the district court improperly refused to apply the safety-valve provision of U.S.S.G. § 5C1.2 (authorized by 18 U.S.C. § 3553(f)(1)-(5)) which, if applied, would have required the court to ignore the mandatory minimum statutory sentence of 120 months and instead to sentence Smith in a Guideline range of 87 to 108 months. We disagree with Smith's contention and affirm.[1]
 
 
 4
 To gain safety-valve protection from a mandatory minimum sentence, a defendant must, "not later than the time of the sentencing hearing, ... truthfully provide[ ] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...." § 5C1.2(5). The district court concluded that Smith had not told the truth concerning his drug source. It therefore concluded that Smith did not merit safety-valve protection.
 
 
 5
 Smith argues the district court's conclusion is flawed in three respects. First, he complains that, despite requests from defense counsel, the court did not state standards as to what would constitute compliance with the truth-telling requirements of § 5C1.2(5)--leaving Smith, who wanted to comply, at a clear disadvantage. The facts in the record belie this contention. During the second sentencing hearing, the court made quite clear that it expected Smith to provide truthful information concerning his drug supplier. Furthermore, the parties themselves agree that, to satisfy § 5C1.2(5), a defendant must provide information concerning his immediate chain of distribution. See United States v. Thompson, No. 95-50162, 1996 WL 180210 (9th Cir. Apr. 17, 1996); United States v. Rodriguez, 69 F.3d 136, 143 (7th Cir.1995); United States v. Wren, 66 F.3d 1, 3 (1st Cir.1995). Smith was not left in the dark as to what he needed to do to comply; it was quite clear to all that he had to give truthful information concerning his drug source.
 
 
 6
 Smith's second argument is that the district court lacked any objective, reliable evidence of Smith's untruthfulness. At the sentencing hearings, the AUSA related Smith's own statements concerning his drug source and discussed the results of a government agent's steps to confirm their truth. Neither in his brief nor at the sentencing hearings did Smith make specific claims that the AUSA misrepresented anything Smith said. Instead, the brief makes a blanket accusation that the district court relied "on the wholly unsubstantiated [hearsay] allegations of government counsel" and that "the government's proffer [of evidence] contained no indicia of reliability."
 
 
 7
 Of course, Smith's argument misses the central point that the court's focus was on inconsistencies in Smith's own statements. For instance, at one point, Smith said that his source's name was George and that George did not use any other name. Later, Smith said his source's name was Ariel. These statements were Smith's own admissions. He gives no reason why the court should not have relied on them in deciding whether Smith was telling the truth.
 
 
 8
 Smith's third argument is that the court missed the big picture--it justified its conclusion that Smith had not sufficiently told the truth by focusing on insignificant, immaterial facts and ignoring that Smith "truthfully" told the government the name of his drug source.
 
 
 9
 Smith mischaracterizes the nature of the district court's concern. It was not lost in minutae. Rather, the court was clearly concerned by inconsistent remarks Smith made concerning his drug supplier. Again, to cite the most obvious example, George became Ariel. All parties (and the Ninth, Seventh, and First Circuits) agree that a defendant must give truthful information concerning his source to be eligible for § 5C1.2 safety-valve relief. Smith's materiality argument fails.
 
 
 10
 In sum, to be eligible for § 5C1.2 safety-valve relief from a 120-month statutory minimum sentence, Smith had to "truthfully provide[ ] to the Government all information and evidence" concerning his offense. § 5C1.2(5). Smith gave only a vague description of his drug source. The details he provided were unconfirmable and, in several respects, contradictory. The district court did not clearly err in concluding that Smith failed to qualify for safety-valve relief.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. FRAP 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Bruce M. Van Sickle, Senior District Judge for the District of North Dakota, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith's argument that he is entitled to the benefit of failed amendments to the Guideline provisions governing crack cocaine sentences fails