89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador ESQUIVEL, Jr., Defendant-Appellant.
 No. 95-50415.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 27, 1996.
 
 Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Esquivel pled guilty to importing 7.86 kilograms of methamphetamine in violation of 21 U.S.C. §§ 952, 960. His guideline range was 108 to 135 months. However, Esquivel's crime carries a mandatory minimum sentence of 120 months. At sentencing, he argued that he was eligible for "safety-valve" relief under U.S.S.G. § 5C1.2, which, in essence, authorizes a court to sentence below the minimum where a defendant tells the government everything he knows about his offense. The court disagreed and imposed the 120-month minimum.
 
 
 3
 We agree with the district court and affirm.
 
 
 4
 Esquivel argues on appeal that he told the government sufficient information concerning his crime to qualify for the safety-valve. He also argues that the information he has divulged for purposes of deciding eligibility includes everything he told any government official, including the prosecutor, the probation officer, and the court. More specifically, he wants a letter he sent to the court ex parte to count toward his compliance with § 5C1.2.
 
 
 5
 The government argues: 1) Esquivel has not satisfied the safety-valve truth-telling requirement; and 2) only information Esquivel told to the prosecution should count toward eligibility, and therefore the ex parte letter should not count.
 
 
 6
 At his interview with the prosecutor, Esquivel refused to say who had driven him to Tijuana to pick up the drugs because he did not want that person to be "involved." The prosecutor therefore ended the interview, although she states she repeatedly offered to resume the debriefing should Esquivel change his mind.
 
 
 7
 In his ex parte letter to the court, Esquivel stated that he asked a relative to drive him to Tijuana on the pretext that he wanted to visit friends there. He does not identify that person in the letter.
 
 
 8
 U.S.S.G. § 5C1.2(5) states that, to qualify for the safety-valve, a defendant must tell the government "all information and evidence [he] has concerning the offense." This court recently stressed the breadth of this requirement, noting that "any and all information that the defendant possesses concerning the offense must be provided to the Government." United States v. Thompson, 81 F.3d 877, 879 (9th Cir.1996) (emphasis added). To merit safety-valve relief, a defendant must tell all.
 
 
 9
 At the sentencing hearing, the district court stated its belief that only information supplied to the prosecution should count toward eligibility. It also noted, however, that Esquivel's letter in essence told the court nothing that he had not already told the prosecution. The court therefore concluded that, even considering this letter, Esquivel had not satisfied the safety-valve truth-telling requirement.
 
 
 10
 This latter factual conclusion was not clearly erroneous--even considering the letter, Esquivel did not tell all. Therefore, this court need not reach the issue of whether information told to an official other than the prosecutor counts towards safety-valve eligiblity.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3