110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben CAMPOY-SILVA, Defendant-Appellant.
 No. 96-10274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided March 27, 1997.
 
 Before: WHITE, Associate Justice, Retired;* CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Campoy-Silva appeals his sentence for possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.
 
 
 3
 Campoy-Silva argues that the district court was mistaken in its view that the "safety valve," 18 U.S.C. § 3553, did not apply because of when it took effect. We do not decide this question, for the district court assumed in the alternative that the safety valve applied to his resentencing and found that Campoy-Silva had not met the requirements of subsection 5 by providing a full and truthful statement. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5); United States v. Shrestha, 86 F.3d 935, 940 (9th Cir.1996). In this it did not clearly err. There is no evidence that Campoy-Silva told all he knew to anyone in the government prior to the hearing; while he acknowledged his involvement in the offense, he was not forthcoming about his role or what he knew about the drug operation. See United States v. Thompson, 81 F.3d 877, 880 (9th Cir.), cert. denied, 117 S.Ct. 214 (1996).
 
 
 4
 Nor does it matter that the prosecutor never requested a safety valve "free talk" or that the probation officer was uncertain whether the safety valve applied, as Campoy-Silva argues. The supplement to the presentence report indicated the possibility that the safety valve could be found applicable, and the addendum advised that the government would argue that Campoy-Silva had not satisfied the safety valve requirements.
 
 
 5
 Because Campoy-Silva is not eligible for safety valve relief, the district court also did not err in refusing a reduction for acceptance of responsibility and in declining to depart downward on the basis of aberrant behavior as these issues are moot in light of the mandatory minimum sentence that otherwise applies.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Byron R. White, Associate Justice of the United States Supreme Court (Ret.), sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3