145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eduardo JIMENO-TOLEDO, Defendant-Appellant.
 No. 97-50390.
D.C. No. CR-96-00084-AHS.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Central District of California, Alicemarie H. Stotler, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eduardo Jimeno-Toledo appeals his sentence for his conviction, pursuant to guilty plea, for conspiracy to distribute and possess methamphetamine (21 U.S.C. § 846) and possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)). Jimeno-Toledo contends the district court erred by denying him relief under the "safety valve" provision of Sentencing Guidelines § 5C1.2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual determination of a defendant's eligibility for relief under the safety valve provision, see United States v. Ajugwo, 82 F.3d 925, 929 (1996), cert. denied, --- U.S. ----, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997), and we affirm.
 
 
 3
 To qualify for relief under the safety valve provision, a defendant must meet several criteria, one of which is to truthfully provide to the government all information he or she has concerning the offense(s) that were part of the same course of conduct or of a common scheme or plan. See U.S.S.G. § 5C1.2 (1996); United States v. Thompson, 81 F.3d 877, 878-79 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 214, 136 L.Ed.2d 148 (1996). The evidence supports the district court's finding that Jimeno-Toledo failed to provide to the government all of the information he had concerning the charged offense. Accordingly, the district court did not clearly err by denying Jimeno-Toledo relief under the safety valve provision. See Ajugwo, 82 F.3d at 929; see also United States v. Washman, 128 F.3d 1305, 1307 (9th Cir.1997).[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jimeno-Toledo also argues that the district court erred by refusing to consider a letter he submitted during sentencing. Besides the fact that the letter constituted an attempt to provide information for the first time at sentencing in order to take advantage of the safety valve provision, see United States v. Shrestha, 86 F.3d 935, 940 n. 5 (9th Cir.1996), it failed to cure the numerous deficiencies set out in the government's sentencing memorandum prior to sentencing. See Ajugwo, 82 F.3d at 929 (in determining whether information is complete, sentencing court may consider information learned from other sources indicating defendant has been less than forthcoming)