**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10027 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00365-JCM-PAL-4 |
| v. | |
| BRAD FUSSELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 4, 2013[**]
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Brad Fussell appeals his conviction for conspiracy to possess with the intent

to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II),

and 846. Because the parties are familiar with the facts and procedural history of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the case, we need not recount them here.  We have jurisdiction under 28 U.S.C. §

1291 and 18 U.S.C. § 3742(a).  We affirm.

I

The district court did not commit plain error in barring Fussell from

receiving federal benefits for five years under 21 U.S.C. § 862(a).[1]  Section 862(a)

states that following a defendant's first conviction for an "offense consisting of the

distribution of controlled substances," a district court may in its discretion declare

that the defendant is "ineligible for any or all Federal benefits for up to 5 years

after such conviction."  21 U.S.C. § 862(a)(1)(A).  Fussell argues his conviction

for conspiracy to possess with the intent to distribute cocaine is not a "distribution"

offense under Section 862(a), citing *United States v. Silva-De Hoyos*, 702 F.3d

843, 849-50 (5th Cir. 2012).  Assuming, without deciding, that Fussell's conviction

does not constitute a distribution crime under Section 862(a), we conclude the

district court did not commit plain error.  Fussell's prison sentence is ten years.

---

[1]Because Fussell failed to object to this decision below, we review the
district court for plain error.  *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th
Cir. 2011) ("Where, as here, a defendant did not raise her objection to her sentence
before the district court, we review for plain error.").  Under the plain error
standard, "reversal is permitted only when there is (1) error that is (2) plain, (3)
affects substantial rights, and (4) seriously affects the fairness, integrity, or public
reputation of judicial proceedings." *United States v. Charles*, 581 F.3d 927, 933
(9th Cir. 2009) (internal citations and quotation marks omitted).

The judge imposed a bar on federal benefits for five years. Fussell is only ineligible for certain federal benefits, however, such as "the issuance of any grant, contract, loan, professional license, or commercial license." 21 U.S.C. § 862(d)(1)(A). These are benefits he could not use in federal prison. The judge's sentencing order does not bar Fussell from receiving other federal benefits, such as "retirement, welfare, Social Security, health, disability, [and] veterans benefit[s]." *Id.* § 862(d)(1)(B). By failing "to identify any federal benefit for which he is or might be eligible to receive during the five-year period," Fussell has failed to show that the district court's decision "seriously affects the fairness, integrity or public reputation of judicial proceedings" and consequently has failed to show the district court plainly erred. *See Silva-DeHoyos*, 702 F.3d at 850. Thus, the judge's sentencing decision does not merit reversal under the plain error standard. *See Charles*, 581 F.3d at 933.

## II

The district court also did not commit plain error in admitting Fussell's confession. Fussell claims for the first time on appeal that his confession was involuntary because he was under the influence of drugs, but points to no supporting evidence in the record. To the contrary, both Fussell and his mother testified he does not use drugs or alcohol. The record shows that he was calm and

3

cooperative during his interrogation.  Even if he were under the influence, that alone does not prove involuntariness.  *See Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989).  Fussell has failed to show his confession was anything but "the product of rational intellect and a free will," *United States v. Banks*, 282 F.3d 699, 706 (9th Cir. 2002), *rev'd on other grounds*, 540 U.S. 31 (2003).  The district court did not commit plain error in admitting his confession.

## III

The district court did not plainly err in failing to give the jury a "mere presence" instruction.[2]  As a result, we review for plain error.  *See United States v. Doe*, 705 F.3d 1134, 1143 (9th Cir. 2013).  "A district court may properly refuse to give a mere presence instruction when the government's case rests on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime . . . ."  *United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011) (internal quotation marks omitted).

Here, the government founded its case on more than just Fussell's presence at the scene of the crime.  Government witnesses testified about Fussell's confession, his fingerprints on bags that carried large amounts of cocaine, and his

---

[2]Fussell's attorney offered and then withdrew a mere presence instruction below, and did not object to any of the jury instructions.

cell phone logs. The jury was also properly instructed on elements of the conspiracy charge, which covered the content of the mere presence instruction.

IV

The district court did not abuse its discretion in admitting the government's Exhibits 10 and 11–the seized cocaine and the various bags that carried it–into evidence. Fussell argues the DEA chemist who testified at trial did not sufficiently establish the government's chain of custody over the cocaine. Fussell fails to present any actual evidence of irregularity in the chain of custody, and a close examination of the record belies this claim. The district court did not abuse its discretion.

V

For the first time on appeal, Fussell challenges the sufficiency of the evidence to convict him. But his confession, which provides direct evidence of all elements of the conspiracy count, and other evidence such as his phone logs, his fingerprints, and the FBI's observation of him meeting with and driving other co-conspirators, provides sufficient evidence for a rational trier of fact to "have found the essential elements of [21 U.S.C. § 846] beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (internal quotation marks omitted).

## V

The district court did not commit plain error in failing to apply the 18 U.S.C. § 3553(f) "safety valve" provision to Fussell's sentence in order to reduce it below the statutory minimum of ten years. A defendant must meet the five requirements of the safety valve to receive a reduced sentence. One of the requirements is that, by the time of sentencing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Here, the record shows that Fussell refused to provide any identifying information to the FBI regarding the supplier of the second batch of cocaine. Thus, Fussell failed to provide "*all* the information he had regarding the offense, including the name of the source of the drugs." *United States v. Thompson*, 81 F.3d 877, 879 (9th Cir. 1996) (emphasis in original). Accordingly, there was no plain error in failing to apply the safety valve provision.

**AFFIRMED.**