NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014
Decided October 27, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2453

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:12CR00154-001 |
| PEDRO F. CRUZ, *Defendant-Appellant*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Pedro Cruz was offered $5,300 by a man he knew as "Superman" to travel from California to Minneapolis, Minnesota, to receive a waiting shipment of methamphetamine. When Cruz reached Minneapolis, he telephoned his contact—a DEA informant—and agreed to pick up the drugs in Madison, Wisconsin, rather than Minneapolis. An undercover officer met Cruz at a shopping mall and delivered 48 pounds of fake methamphetamine. Before Cruz could drive away, he was arrested. He pleaded guilty to attempting to possess methamphetamine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). A probation officer calculated a total offense level of 29—after deducting 3 levels for accepting responsibility, *see* U.S.S.G. § 3E1.1, and 2 more levels for Cruz's minor role in the offense, *see id*. § 3B1.2(b)—and a criminal history

category of I, initially yielding a guidelines imprisonment range of 87 to 108 months. But the amount of methamphetamine that Cruz had tried to acquire subjected him to a statutory minimum of 10 years, which became the guidelines sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii); U.S.S.G. § 5G1.1(b); *United States v. Padilla*, 520 F.3d 766, 773 (7th Cir. 2008).

Cruz did not object to the presentence investigation report, but at sentencing he argued that he had cooperated fully with investigators and thus qualified for the safety valve. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 2D1.1(b)(16). Cruz had denied involvement in prior drug deliveries and said that Superman had contacted him "out of the blue." He also said that his family would be at risk if he revealed more information. The government insisted that no one would entrust $800,000 worth of methamphetamine to a first-time delivery driver and thus Cruz must be lying. The district court agreed with the government's reasoning and also noted that Cruz essentially had admitted that he was withholding information. The court thus found that Cruz failed to qualify for the safety valve and imposed the 10-year statutory minimum.

Cruz filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cruz has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we focus on the subjects the lawyer discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

That said, counsel does not tell us whether he consulted Cruz about the possibility of challenging his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But this oversight does not require that we deny the *Anders* motion, since our review of the record convinces us that a challenge to the adequacy of the plea colloquy—which we would review for plain error—would be frivolous. *See Konczak*, 683 F.3d at 349. With only minor exceptions the district court complied with the requirements of Federal Rule of Criminal Procedure 11. The court neglected to tell Cruz that he could be prosecuted for perjury if he made a false statement under oath, *see* FED. R. CRIM. P. 11(b)(1)(A), but this omission was harmless because no perjury charge is pending or contemplated, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). The court also neglected to mention the possibility of ordering forfeiture or restitution, *see* FED. R. CRIM. P.

11(b)(1)(J), (K), but again the omission was harmless because the court did not impose these financial penalties. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002); *United States v. Fox*, 941 F.2d 480, 484–85 (7th Cir. 1991). Overall the court substantially complied with Rule 11, which is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997).

In his *Anders* submission counsel first considers whether Cruz could argue that the district court erred by finding him ineligible for the safety valve. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 2D1.1(b)(16). To qualify, a defendant must (among other things) make a good-faith effort to provide the government "all information and evidence" about the offense. *See* 18 U.S.C. § 3553(f)(5); *United States v. Corson*, 579 F.3d 804, 814 (7th Cir. 2009); *United States v. Montes*, 381 F.3d 631, 635–37 (7th Cir. 2004). Before sentencing Cruz vaguely described the man who hired him only as "Superman," and at sentencing he explained that he "can't say anything because they'll do something" to his family. So the district court could not have committed clear error in finding that Cruz withheld information about the identity and participation of others, and any argument to the contrary would be frivolous. *See United States v. Alvarado*, 326 F.3d 857, 862 (7th Cir. 2003); *United States v. Arrington*, 73 F.3d 144, 148 (7th Cir. 1996); *United States v. Thompson,* 81 F.3d 877, 879 (9th Cir. 1996); *see also United States v. Martinez*, 301 F.3d 860, 866 (7th Cir. 2002) (upholding denial of safety valve where defendant refused to give information for fear of putting family in danger).

Counsel also considers whether Cruz could contest the reasonableness of his prison sentence. The district court had no authority to impose a sentence below the statutory minimum, *see United States v. Acevedo-Fitz*, 739 F.3d 967, 968 (7th Cir. 2014) (upholding imposition of statutory minimum where defendant did not qualify for safety valve); *Montes*, 381 F.3d at 637 (same); *United States v. Marin*, 144 F.3d 1085, 1095 (7th Cir. 1998) (remanding with instructions to impose statutory minimum because defendant did not qualify for safety valve); *see also United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007), so we agree with counsel that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.