UNITED STATES of America, Plaintiff–Appellee,

v.

Bob Jack WASHMAN, Defendant–Appellant.

No. 96–10050.

United States Court of Appeals, Ninth Circuit

Argued and Submitted Nov. 6, 1996.

Decided Oct. 24, 1997.

Jerry R. Albert, Assistant United States Attorney, Tucson, Arizona, for plaintiff-appellee.

Judith N. Rosenberg, Assistant Federal Public Defender, Tucson, Arizona, for defendant-appellant.

Before: NORRIS and KOZINSKI, Circuit Judges, and MOLLOY, District Judge.*

MOLLOY, District Judge.

Appellant Bob Jack Washman (Washman) appeals the sentence imposed on him by the district court and seeks remand for resentencing. In particular, Washman objects to Judge Browning's finding that he is ineligible for a sentence reduction below the mandatory minimum guidelines sentence pursuant to the "safety valve" provision of 18 U.S.C. § 3553.

## FACTS

Washman was indicted on April 20, 1994 on one charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). About 3:00 a.m. on the morning of March 27, 1994, agents of the Border Patrol followed footprints from the border directly to the door of a motor home parked approximately 100 yards away. The vehicle was kept under observation for several hours before agents finally approached it and knocked on the door. Washman opened the door. He immediately agreed to a search of the motor home. Agents found about 559 pounds of marijuana stacked in the motor home. One of Washman's minor children who was present in the motor home told the agents that her father had transported marijuana before in the same manner.

Washman was arraigned on April 28, 1994, and entered a plea of not guilty. On June 21, 1994, he entered a change of plea to guilty and signed a plea agreement in which the government agreed to make a recommendation of 60–63 months incarceration. Before sentencing Washman asked the court to allow him to withdraw his plea of guilty. Washman argued that a withdrawal of his guilty plea was justified because he might meet the criteria for a reduced sentence below the mandatory minimum under Section 80001 (the "safety valve" provision codified at 18 U.S.C. § 3553(f)) of the recently promulgated Violent Crime and Control Act of 1994.

Judge Browning denied Washman's motion to withdraw his guilty plea and noted that the matter of a reduced sentence under Section 80001 would be addressed at sentencing. At the sentencing hearing on September 30, 1994, the court heard arguments on the applicability of the "safety valve" provision. Judge Browning found that Washman was ineligible for the "safety valve" because he did not cooperate with the government. Washman filed notice of appeal, arguing that

---

* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

the court erred in denying his motion to withdraw his guilty plea. The appeal was successful and the case was remanded for sentencing in *United States v. Washman,* 66 F.3d 210 (9th Cir.1995) (holding that a defendant may withdraw a guilty plea at any point prior to its formal acceptance by the court, and finding that the court had not accepted Washman's guilty plea prior to his motion to withdraw.)

On remand, a sentencing hearing was held on February 2, 1996. Resentencing was on the basis of the record of the case as it stood on September 30, 1994. Judge Browning listened to argument on the "safety valve" issue and then found that Washman did not comply with Section 3553(f)(5). Washman was resentenced to 60 months incarceration with 5 years supervised release to follow.

The main question on appeal is whether § 3553(f) requires Washman to disclose information concerning conduct of which he has never been convicted in order to qualify for relief from the mandatory minimum sentence.

## DISCUSSION

### A. Standard of Review

 The district court's interpretation and application of the sentencing guidelines is reviewed *de novo. United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996). The district court's factual determination that a particular defendant qualifies for relief under section 3553(f) is reviewed for clear error. *Id.*

### B. Washman's Argument

 The core of Washman's argument on appeal is that § 3553(f) violates his Fifth Amendment rights against self-incrimination if it requires him to disclose relevant conduct unknown to law enforcement. It is true that this circuit has held that conditioning a sentence reduction "on admissions of responsibility for conduct of which a defendant was not convicted could violate his Fifth Amendment rights." *United States v. Piper,* 918 F.2d 839, 840 (9th Cir.1990).

However, *Piper* was one of a line of cases dealing with the Fifth Amendment implications requiring an admission of responsibility for uncharged relevant conduct in order to obtain the Acceptance of Responsibility adjustment under a prior version of USSG § 3E1.1. *See also United States v. Watt,* 910 F.2d 587, 593 (9th Cir.1990) (holding that "in determining a defendant's acceptance of responsibility, a sentencing court cannot consider against a defendant any constitutionally protected conduct" such as refusing to make a statement to the police or assisting the police in gathering inculpatory evidence).

Section 3553(f)(5) does not raise constitutional concern because it does not mete out *additional* punishment if a defendant decides not to disclose under § 3553(f)(5). Other circuits have so held. *See, e.g., United States v. Arrington,* 73 F.3d 144, 149 (7th Cir.1996).

This resolution is consistent with the intent of Congress in enacting the safety valve provision of § 3553(f)—to remedy an inequity in the Guidelines whereby more senior operatives could obtain lighter sentences than less culpable lower-level operatives because the former had more information to offer than the latter and so could benefit from the Substantial Assistance downward departure under USSG § 5K1.1. *See United States v. Ajugwo,* 82 F.3d 925, 926 (9th Cir.1996). Section 3553(f) helps to remedy that inequity by "allowing the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who 'have made a good-faith effort to cooperate with the government.'" *United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996). The intent of Congress would be thwarted if defendants could obtain the benefit of the safety valve yet not disclose their true roles. We conclude that the decision of the trial court did not violate Washman's Fifth Amendment right against self-incrimination.

 The district court did not commit clear error in refusing to reduce Washman's sentence pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f). The defendant has the burden of proof with respect to any sentence reduction based upon a mitigating factor. *United States v. Ajugwo,* 82 F.3d at 929. Here, the defendant must show "by a preponderance of the evidence, that [h]e qualified for the safety valve provisions." *Id.; accord Shrestha,* 86 F.3d at 940.

**1308**

Washman did not carry his burden of proof on this issue. The evidence showed that when the arrest occurred, one of Washman's children told the authorities there were other instances that her father had transported marijuana in the same manner before. Washman neither confirmed nor denied that he was involved in any prior instances of transporting marijuana. The record is devoid of any attempt by Washman to either prove or assert that he has no knowledge of any other instances of marijuana transportation.

■ For these reasons, the district court should be affirmed. The dissent would dispose of the case differently on a theory of statutory interpretation. However, Washman did not raise that theory below, and issues not presented to the trial court generally cannot be decided on appeal. *See, e.g., United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991). Review is doubly barred because Washman failed to raise the issue on appeal. *See, e.g., United States v. Martinez*, 967 F.2d 1343, 1348 n. 1 (9th Cir.1992). We see no reason to depart from these well-established rules of appellate review.

AFFIRMED.

NORRIS, Circuit Judge, dissenting.

Appellant Bob Jack Washman pled guilty to a single count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The quantity he possessed was sufficient to subject him to a mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B)(vii). Appellant claims, however, that he qualifies for sentencing relief under the so-called "safety valve" statute, 18 U.S.C. § 3553(f). The sole question on appeal is whether § 3553(f)(5) requires him to disclose information concerning conduct of which he has never been convicted in order to qualify for relief from the mandatory minimum sentence.

I

Congress enacted the safety valve statute "to ensure that mandatory minimum sentences are targeted toward relatively more serious conduct." *United States v. Thompson*, 81 F.3d 877, 879 (9th Cir.1996) (citing H.R.Rep. No. 103–460, 103d Cong., 2d Sess.

(1994)). The statute applies to specified narcotics offenses and provides relief from an otherwise mandatory minimum sentence if a defendant meets five requirements. Subsection 3553(f) provides:

[I]n the case of an offense under [21 U.S.C. §§ 841, 844, 846, 961, or 963], the court shall impose a sentence pursuant to the guidelines . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . that:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . .

18 U.S.C. § 3553(f).

At his sentencing hearing, appellant argued that he met all five requirements of the safety valve and that he should have been sentenced under the applicable guidelines range of 37–46 months, rather than the mandatory minimum of 60 months. The government argued in response that he did not meet the requirement of § 3553(f)(5) because he refused to provide information concerning his alleged involvement in the transportation of prior loads of marijuana. In turn, appellant argued that it would violate his Fifth Amendment privilege against self-incrimination to condition sentencing relief on the disclosure of information concerning prior

loads of marijuana because he has never been convicted of any such conduct and, thus, might have his disclosures used against him in a future prosecution. The district court rejected this argument and sentenced him to the mandatory minimum of 60 months.[1]

On appeal, appellant presses his Fifth Amendment argument. We should not decide this constitutional issue, however, because the plain language of (f)(5) does not require appellant to disclose information concerning conduct of which he has never been convicted. *See, e.g., Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction ... the Court will decide only the latter.").

## II

In using the word "offense" in subsection (f)(5) of the safety valve statute, Congress limited the safety valve's disclosure requirement to convicted conduct. The first sentence of § 3553(f) makes clear that Congress intended the word "offense" to refer only to an actual conviction. That sentence provides that "in the case of an offense under [one of the various controlled substance laws] ... the court shall impose a sentence ... without regard to any statutory minimum...." A court would be powerless to impose a sentence for an "offense"—or any conduct—of which a defendant had not been convicted. A court might well be able to *enhance* a sentence on the basis of unconvicted conduct, see, *e.g.,* U.S. Sentencing Guidelines § 1B1.3, but it cannot *impose* a sentence for such conduct. Thus, in using the word "offense" in (f)(5), Congress could only have intended to require a defendant seeking relief from a mandatory minimum sentence to provide information concerning conduct of which he has already been convicted.[2]

The care with which Congress chose the word "offense" to exclude unconvicted conduct is demonstrated by a comparison of the language of (f)(5) with the language of § 1B1.3(a)(2) of the U.S. Sentencing Guidelines. In drafting subsection (f)(5) of the safety valve, Congress used language virtually identical to that used in Guideline 1B1.3(a)(2), but with one significant difference. The Guideline defines "relevant conduct," for purposes of determining a defendant's base offense level, as "*all acts or omissions* ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." This definition includes *all* conduct relevant to the offense of conviction, including conduct of which the defendant has never been convicted. *See, e.g., United States v. Restrepo*, 903 F.2d 648, 651 (9th Cir.1990), *aff'd en banc*, 946 F.2d 654 (9th Cir.1991).

Congress imported into (f)(5) the Guideline language "part of the same course of conduct or common scheme or plan" almost word-for-word. It did not, however, import the words "all acts or omissions," instead replacing those words with "the offense or offenses." (Subsection (f)(5) requires a defendant to provide information concerning "*the offense or offenses* that were part of the same course of conduct or of a common scheme or plan.") The switch from "all acts or omissions" to "the offense or offenses" plainly manifests Congress' intent to limit the disclosure requirement to information concerning conduct of which a defendant has actually been convicted.

I recognize that my reading of subsection (f)(5) puts me at odds with the Sentencing Commission, which has interpreted (f)(5) as requiring the disclosure of information concerning "the offense of conviction and *all* relevant conduct." U.S. Sentencing Guidelines § 5C1.2, Application Note 3 (emphasis added). In reading the word "offense" in (f)(5) to apply to *all* conduct—convicted or

---

1. The district court found that appellant did meet the requirements of (f)(1)–(f)(3), but that he failed to meet the disclosure requirement of (f)(5). The district court made no findings with respect to (f)(4).

2. Further support for this reading of "offense" to mean an actual conviction is provided by the manner in which Congress used that term in (f)(2), (f)(3), (f)(4), and (f)(5). In each instance, "offense" refers unambiguously to the underlying conviction from which a defendant seeks sentencing relief under the safety valve.

unconvicted—that is relevant to the offense of conviction, the Commission has effectively changed Congress' words "the offense or offenses" to "all acts or omissions." The Commission offers no explanation why Congress would have used the words "the offense or offenses" if what it meant was "all acts or omissions." The only plausible reading is the one suggested by the first sentence of § 3553(f), which defines "offense" as conduct for which a court may impose a sentence—in other words, an actual conviction. Therefore, the Commission's interpretation of "offense" is contrary to the plain language of the statute.

I would hold that appellant is not required by § 3553(f)(5) to provide information concerning his alleged involvement in the transportation or prior loads of marijuana because he has never been convicted of any such conduct. His sentence should be vacated and the case remanded to the district court for resentencing.