145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Luis Alfonso LOPEZ-URIAS, Defendant-Appellant.
 No. 97-10476.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Arizona.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 ROLL, J., Presiding
 
 
 1
 Submitted May 14, 1998**
 
 
 2
 Luis Alfonso Lopez-Urias appeals his 60-month sentence following his guilty plea to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a), and we affirm.
 
 
 3
 Lopez-Urias contends the district court erred by denying him a sentence reduction under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. This contention lacks merit.
 
 
 4
 We review for clear error the "district court's factual determination that a particular defendant qualifies for relief under section 3553(f)." United States v. Washman, 128 F.3d 1305, 1307 (9th Cir.1997). The initial burden is on the defendant to demonstrate by a preponderance of the evidence that he qualifies for the safety valve provision. United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996); see also United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir.1996) (holding that the safety valve provision requires complete candor from the defendant and requires him to "truthfully supply details of his own culpability.").
 
 
 5
 On the record before us, which includes the transcript of the sentencing hearing, we cannot say that the district court clearly erred in finding Lopez-Urias failed to carry his burden of proof that he made the truthful disclosure required by section 3553(f). See 18 U.S.C. § 3553(f) (Supp.1997); Ajugwo, 82 F.3d at 929. Furthermore, Lopez-Urias' reliance on information provided to the probation officer during his pre-sentence interview is misplaced, since an interview with a probation officer does not qualify as a meeting with the "government" as required by section 3553(f). See United States v. Contreras, No. 97-10163, slip op. 1555, 1559-60 (9th Cir. Feb. 25, 1998).
 
 
 6
 Accordingly, the district court did not clearly err by denying Lopez-Urias relief under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. See id.; Washman, 128 F.3d at 1307.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4