**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto Carlos RIOS–ARAIZA,
Defendant–Appellant.**

No. 00–50132.
D.C. No. CR–99–1895–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001.*

Decided March 7, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.**

MEMORANDUM ***

Appellant Roberto Carlos Rios–Araiza appeals from his sentence for conspiracy to import marijuana. The appellant asserts that the district court erred (1) in finding that the appellant did not qualify for the safety valve provision; (2) in not providing an evidentiary hearing; and (3) by applying the mandatory minimum sentence in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

■ An appellate court reviews a district court's factual determination that a defendant is not eligible for relief under the safety valve provision for clear error. *United States v. Washman,* 128 F.3d 1305, 1307 (9th Cir.1997). The burden of proof is on the defendant to show, by a preponderance of the evidence, his qualification for safety valve relief. *Id.* However, this is only an initial burden and once the defendant has shown he is eligible, "it falls to the Government to show that the information he has supplied is untrue or incomplete." *United States v. Shrestha,* 86 F.3d 935, 940 (9th Cir.1996). The district court found by clear and convincing evidence that the appellant had failed to truthfully provide all information regarding the conspiracy in which he participated.

■ The district court's finding as to the appellant's truthful cooperation with the government is fully supported by the evidence. Another individual also arrested at the same time provided the same home address as the appellant. However, the appellant denied any knowledge of the individual. Furthermore, the appellant asserted that he traveled from Tijuana to Ensenada (approximately 60 miles south of the border) only to be smuggled back into the United States. The appellant further claims to have had no knowledge of the drug importation conspiracy until arriving in Ensenada. He asserts that he only participated in the drug conspiracy in order to avoid paying a smuggling fee. The appellant minimized his role so extensively that his story was not consistent with the objective facts.

■ A district court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *United States v. Stein,* 127 F.3d 777, 780 (9th Cir.1997). After a continuance of the sentencing hearing, the appellant was unable to provide any evidence to create a material issue of disputed fact as to whether he had truthfully provided all the information concerning the offense. As a result, the district court properly found that an evidentiary hearing was unnecessary because both the government and appellant agreed to the facts presented.

■ The district court's sentence was not error in light of *Apprendi.* Rios–Araiza was sentenced to five years. For *Apprendi* to apply, the defendant must be sentenced

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in excess of the statutory maximum. *United States v. Garcia–Sanchez*, 238 F.3d 1200 (9th Cir.2001). Here, the statutory maximum without a jury finding of the amount of drugs was five years.

AFFIRMED.