**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Alfred MILLER, Defendant–**
**Appellant.**

**No. 00–30251.**

**D.C. No. CR–99–05533–JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided June 15, 2001.

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Miller raises two issues in his timely sentencing appeal over which we have jurisdiction under 28 U.S.C. § 1291. Miller first contends that the district court erred at sentencing by not making an independent determination that he did not qualify for safety valve relief under 18 U.S.C. § 3553(f) (as implemented at U.S.S.G. § 5C1.2). He argues that the district court improperly deferred judgment to the government, which maintained at sentencing that Miller was not truthful and completely forthcoming with information concerning the offense and, therefore, ineligible for safety valve relief because he did not meet the fifth requirement of the safety valve provision.

Miller had the burden of proving, by a preponderance of the evidence, that he satisfies each of the five criteria and is thus entitled to the safety valve. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996). "Once he has made this showing, however, it falls to the Government to show that the information he has supplied

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

is untrue or incomplete." *United States v. Shresthra*, 86 F.3d 935, 940 (9th Cir.1996).

Miller did not meet his burden of proving, by a preponderance of the evidence, that he satisfied the fifth requirement of the safety valve and, therefore, qualified for relief. In *Ajugwo*, we stated that a "bare assertion that [the defendant] provided all relevant information to the Government ... is hardly a preponderance of the evidence." 82 F.3d at 929. Here, Miller offered nothing more than his assurance that he was truthful.

The district judge's statement that "[the government] ... decides it" should not be interpreted as a delegation of authority to the government to make the decision whether Miller is eligible for the safety valve. Rather, when read in context, it appears to be an assertion that the government gets to decide which facts to bring before the court in support of its position that Miller was not truthful at their meeting. Furthermore, the district court's lengthy inquiry belies the contention that it failed to make its own decision, and indicates that it carefully weighed the competing positions in reaching an independent decision to not apply the safety valve. Thus, it appears that the district court did not clearly err in refusing to apply section 5C1.2 based upon Miller's failure to satisfy the fifth factor. *See United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997) (safety valve provisions).

Miller's second contention, that his sentence should be vacated and remanded to a different judge to determine whether he satisfies the fifth requirement and qualifies for safety valve relief, is rejected as moot.

AFFIRMED.