UNITED STATES of America,
Plaintiff—Appellee,

v.

Israel RUBIO–RIVERA, aka Isreal
Rubio, Defendant—Appellant.

No. 01–30165.
D.C. No. CR–00–00141–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2001.*

Decided Dec. 28, 2001.

Before CHOY, SKOPIL, and
FERGUSON, Circuit Judges.

MEMORANDUM **

Israel Rubio–Rivera appeals his sentence of two concurrent terms of ten years' imprisonment for one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. § 846. The district court ruled that Rubio–Rivera was not entitled to relief under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The sole issue on appeal is whether the district court committed a clear error in finding that Rubio–Rivera did not truthfully provide all of the information he had regarding the offense or offenses that were part of the same course of conduct, common scheme, or plan. *See* § 3553(f)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

We review a district court's factual determination that a defendant is not entitled

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to relief under the safety valve provision for clear error. *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir.1997) (citing *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996)). In the present case, the district court ruled that Rubio–Rivera was not entitled to relief because he had not provided truthful and complete information about his supplier and about Misael Garcia–Sanchez's involvement in the drug transactions.

On appeal, Rubio–Rivera argues that the facts of this case are "subject to a different interpretation, one that the district court neglected to view." He contends that the alternative interpretation of the facts indicates that he did provide the government with truthful and complete information. The alternate interpretations he raises were also raised during the sentencing hearing and there is no indication in the record that the district court failed to consider them. Further, even assuming arguendo that Rubio–Rivera's interpretation of the facts is reasonable, where the district court chooses between two permissible interpretations of the facts, its finding cannot be considered clearly erroneous. *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc).

Rubio–Rivera described his supplier as either his cousin, or his "political cousin," i.e. close friend. However, he told the government that he only knew his supplier as "Juan." Although Rubio–Rivera admitted that "Juan" gave him a pager, he did not disclose the fact that "Juan" had also given him a cellular phone. Both were issued to Jose Lombera. Agents showed Rubio–Rivera a picture of Lombera and Rubio–Rivera identified him as "Juan." Rubio–Rivera also claimed that "Juan" returned to Washington a few days before the two pound transaction occurred. However, Lombera was seen in a local trailer park on the day of the transaction. The district court found that the facts of this case indicated that Rubio–Rivera had not been forthcoming about his supplier. This is a reasonable interpretation of the facts in the record.

The district court also found that Rubio–Rivera had not given truthful and complete information regarding Garcia–Sanchez's role in the drug transactions. Rubio–Rivera maintained that Garcia–Sanchez was not involved. However, Garcia–Sanchez was present at two of the transactions between Rubio–Rivera and the undercover agent and when Rubio–Rivera and the agent discussed the multi-pound deal. Surveillance agents also observed Garcia–Sanchez accompany Rubio–Rivera when he took delivery of the two pounds of methamphetamine. Finally, based on Garcia–Sanchez's actions at the site of the two-pound transaction, it could be reasonably inferred that he was acting as a lookout. The district court reasonably interpreted the facts in finding that Rubio–Rivera did not make a truthful and complete disclosure about Garcia–Sanchez's involvement.

Because the district court's factual finding that Rubio–Rivera had not provided complete and truthful information to the government involved choices between reasonable interpretations of the facts, it cannot be said that the court's finding was clearly erroneous. Therefore, the district court did not err in ruling that Rubio–Rivera was not entitled to relief under the safety valve provision.

Based on the foregoing, we AFFIRM the district court's judgment and commitment order.