**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julietta CASTANEDA–CAMPOS,**
**Defendant–Appellant.**

**No. 02–30176.**
**D.C. No. CR–01–05639–1–FDB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM**

Julietta Castaneda–Campos appeals the sentence imposed following her guilty plea to three counts of distribution of heroin in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We review for plain error a sentencing court's decision not to hold an evidentiary hearing when a defendant has not requested one. *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001). We affirm.

The district court did not err by failing to conduct an evidentiary hearing to determine if Castaneda–Campos qualified for the safety-valve provision because she conceded at the sentencing hearing that her two prior convictions disqualified her. *See* U.S.S.G. § 5C1.2(a)(1); *United States v. Washman,* 128 F.3d 1305, 1307–08 (9th Cir.1997).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith Wayne BURKS, Defendant–**
**Appellant.**

**No. 02–30200.**
**D.C. No. CR–02–00004–EFS.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM**

Keith Wayne Burks appeals the district court's denial of his motion to suppress evidence seized at the time of his arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of a motion to suppress and for clear error its factual findings. *United States v. Summers*, 268 F.3d 683, 686 (9th Cir.2001). We affirm.

Contrary to Burks' contention, the district court's factual findings were not clearly erroneous because they were consistent with the testimony of Officer Johnson. *United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir.2002).

The district court properly concluded that the officers did not seize Burks in violation of the Fourth Amendment because a reasonable person in Burks' position would have believed he was free to leave. *See Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (holding a seizure does not occur where a police officer approaches an individual and asks a few questions without any indicia of force or aggression); *Summers*, 268 F.3d at 686–87 (holding that no

investigatory stop occurred when police partially blocked the suspect's car and asked several times for, identification because the suspect could have left on foot).

We deny all pending motions.

**AFFIRMED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald James LAWSON, Defendant— Appellant.**

No. 02–35207.

D.C. Nos. CV–01–00201–WFN, CR–97–00154–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.