**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Ricardo BARRAGAN, aka Big Rick,
Defendant—Appellee.**

No. 04–50111.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2005.*

Decided April 25, 2005.

Elana Shavit Artson, Esq., Nancy B. Spiegel, Esq., Ronald L. Cheng, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Humberto Diaz, Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

Before: HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Pursuant to a plea agreement, Ricardo Barragan pled guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. As part of the factual basis for his plea agreement, Barragan stipulated that at the time of his arrest he possessed approximately 53.3 grams of methamphetamine, which he intended to distribute.

Although this offense subjected Barragan to a statutorily mandated minimum sentence of ten years in prison absent

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

some form of sentencing relief under another statutory provision, *see* 21 U.S.C. § 841(b)(1)(A)(viii), the district court imposed a sentence of 97 months' imprisonment. Because the Government did not move for a departure below the statutory minimum pursuant to 18 U.S.C. § 3553(e), and Barragan did not satisfy the criteria of 18 U.S.C. § 3553(f),[1] the district court erred in imposing a sentence less than the mandatory ten-year minimum sentence. *See Melendez v. United States*, 518 U.S. 120, 125–30, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996); *United States v. Working*, 224 F.3d 1093, 1103 (9th Cir.2000) (en banc); *United States v. Haynes*, 216 F.3d 789, 799–800 (9th Cir.2000).

Therefore, we reverse the judgment of the district court and remand for resentencing with instructions that the district court sentence Barragan in accordance with 21 U.S.C. § 841(b)(1)(A)(viii).

REVERSED AND REMANDED.

---

1. The parties agreed that Barragan met the last four criteria of the safety valve provision. *See* 18 U.S.C. § 3553(f). Therefore, with respect to whether Barragan satisfied the criteria of § 3553(f), the only issue was whether Barragan failed to meet the first criterion. To establish the first criterion, a defendant must show by a preponderance of the evidence that he "does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Despite Barragan's argument to the contrary, he bore the burden of proof on this issue; he was required to show by a preponderance of the evidence that he qualified for the safety valve provision. *See United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir.1997); *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996). The Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not shift this burden to the Government because § 3553(f) does not mete out additional punishment if a defendant does not qualify for the safety valve provision. Because Barragan did not carry his burden of proof on this issue, he did not satisfy the criteria of § 3553(f).