**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Miguel ALVAREZ–BAUTISTA, Defendant—Appellant.**

**No. 08–10151.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted June 16, 2009 *.

Filed July 6, 2009.

———

Randall M. Howe, Esquire, Assistant U.S., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michele R. Moretti, Esquire, Law Office of Michele R. Moretti, Lake Butler, FL, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jose Miguel Alvarez–Bautista appeals from the concurrent 60–month sentences imposed following his jury-trial convictions for conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(2)(G), and 963, and importation of 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(2)(G). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alvarez–Bautista contends that the district court erred at sentencing by exposing him to a statutory maximum sentence not authorized by the jury's verdict, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We review this contention for plain error, and conclude that Alvarez–Bautista has not shown that any error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Alvarez–Bautista contends that the district court erred by misunderstanding its discretion to sentence below the statutory mandatory minimum based on the safety valve provision of 18 U.S.C. § 3553(f). This contention is belied by the record. We further conclude that the district court did not plainly err by failing to grant safety valve relief because Alvarez–Bautista did not meet his burden of establishing eligibility. *See Olano*, 507 U.S. at 732, 113 S.Ct. 1770; *see also United States v. Washman*, 128 F.3d 1305, 1308 (9th Cir. 1997).

Alvarez–Bautista contends that his trial counsel was ineffective for failing to argue

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

at sentencing that he was eligible for the application of the safety valve provision. We decline to address this claim on direct appeal because it is not "the unusual case [ ](1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *See United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wayson's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.