**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Emmanuell Obi MADUKA,**
**Defendant–Appellant.**

**No. 95–2066.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 18, 1996.

Decided Jan. 22, 1997.

**892**

John C. Engstrom (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for plaintiff–appellee.

Edward Wishnow (argued and briefed), Birmingham, MI, for defendant–appellant.

Before: KENNEDY, JONES, and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant appeals his sentence for distribution of heroin, arguing that the District Court misinterpreted as a matter of law United States Sentencing Commission Guideline ("U.S.S.G.") § 5C1.2 (1995) (which permits first offenders to be sentenced under the statutory minimum under certain circumstances). Defendant argues alternatively that the District Court misapplied § 5C1.2 to the facts of this case. For the following reasons, we AFFIRM.

## I. Procedural History and Facts

On January 31, 1995, a grand jury returned an indictment against defendant and his codefendant Danladi Abdullahi. The indictment charged both defendants in Count I with conspiring to distribute heroin, in violation of 21 U.S.C. § 846 (Supp.1996), and charged defendant only in Counts II, III, and IV with distributing heroin, in violation of 21 U.S.C. § 841(a)(1) (1981).

Defendant entered into a Rule 11 plea agreement in which he agreed to plead guilty to Count II [1] and the government agreed to dismiss Counts I, III, and IV. The parties also agreed, however, that "the court may consider 'relevant conduct' alleged in these dismissed counts in arriving at an appropriate sentence," and that the District Court would sentence defendant as if convicted of Counts II through IV. The plea agreement calculated defendant's sentencing guideline range as forty-six to fifty-seven months of incarceration. The parties nonetheless noted that they had not reached agreement as to whether defendant could invoke U.S.S.G. § 5C1.2 to escape the statutory mandatory minimum sentence of sixty months under Count II. *See* 21 U.S.C. §§ 841(a)(1); (b)(1)(B). On May 23, 1995, and pursuant to the plea agreement, defendant entered a plea of guilty to Count II before the District Court. Eventually the government dismissed the indictment against Abdullahi.

The District Court held a sentencing hearing on September 14, 1995. At the hearing, defendant argued that the District Court could impose a sentence below the statutory minimum sentence of sixty months because he qualified for relief under U.S.S.G. § 5C1.2. The government, however, argued that § 5C1.2 did not apply because defendant had not provided accurate and complete information concerning the offenses charged in the indictment.

The undercover agent for the government testified at the hearing that he arranged to buy 200 grams of heroin from defendant in January, 1995. According to the agent, defendant informed him before the sale that he recently had obtained the heroin in New York City. On January 22, 1995, the agent met with defendant in a restaurant parking lot to receive a sample gram of the heroin. Defendant arrived at the restaurant with Abdullahi accompanying him in the car. The agent also testified that defendant left the car, delivered the sample heroin, and, pointing to Abdullahi sitting in the car, stated that " '[t]he courier is here. He came from New York with me,' [and] he want[s] his money so that he can go back."

---

**1.** Specifically, Count II charged defendant with distributing heroin on January 23, 1995.

On January 23, 1995, defendant delivered approximately 200 grams of heroin to the agent at the same location. Abdullahi again arrived with defendant in the car but entered and remained in the restaurant while the agent and defendant completed the drug transaction. After the transaction, the agent arrested both defendant and Abdullahi. During his arrest, Abdullahi informed the agent that he had arrived recently from his home in New York City.

Defendant testified at the sentencing hearing that Abdullahi was not a drug courier but merely was a friend who coincidentally had accompanied him during his drug transactions with the agent. Although defendant admitted that Abdullahi had ridden with him during his recent drive from New York City to Detroit, Michigan, he claimed that he had met Abdullahi through mutual friends and had invited him to ride along so that the ride would be less boring. Defendant denied pointing to Abdullahi and telling the agent that the courier from New York wanted his money. He further testified that the name of the courier for the January 23, 1995 drug transaction was "James," that the name of the courier for previous transactions was "Ike," and that the ultimate source of the heroin was an individual in Nigeria named "Ademola." When asked why he had refused to provide any names when interviewed by the agent on the day before the sentencing hearing, defendant responded:

> Because just like my attorney was saying here, I didn't feel that it's my responsibility to start naming names, because I'm now trying to cooperate with the federal government. So I never wanted to name anybody's name, because I felt that I'm only explaining myself, my involvement in the so-called problem, so I never want to get anybody involved because I never had any deal on that condition, that I would have to name people's [sic] names.

At the end of the hearing, the District Court found that defendant could not rely upon U.S.S.G. § 5C1.2 to avoid the statutory minimum sentence for his offense because he had not testified truthfully about the role of Abdullahi as a courier. Accordingly, the District Court sentenced defendant to sixty months of incarceration. Defendant timely appeals his sentence.

## II. Analysis

Defendant first argues that the District Court misinterpreted the requirements of U.S.S.G. § 5C1.2. That guideline, enacted to reflect verbatim the dictates of 18 U.S.C. §§ 3553(f)(1)–(5) (Supp.1996), allows courts to impose sentences below the statutory minimum penalty upon defendants who meet five specific criteria. Section 5C1.2 seeks to reduce some of the harsh inflexibility of mandatory minimum sentences by enabling courts to account more fully for mitigating factors when sentencing those defendants who are the least culpable participants in drug trafficking cases. *See United States v. Adu,* 82 F.3d 119, 121 (6th Cir.1996). Although the parties agree that defendant satisfied the first four criteria of § 5C1.2, they contest whether he met the fifth provision, which requires a finding by the District Court that

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(5); *see also* 18 U.S.C. § 3553(f)(5).

Defendant stresses that Application Note 3 to § 5C1.2 defines, for the purposes of the fifth criterion, "offense or offenses that were part of the same course of conduct or of a common scheme or plan" as "the offense of conviction and all relevant conduct." *See* U.S.S.G. § 5C1.2, comment. (n.3). Because his offense of conviction is substantive distribution, rather than conspiracy to distribute, defendant asserts that § 5C1.2(5) only required him to provide information regarding his own involvement in the crime, not the identity or activities of the courier of the drugs at issue.

■ Rejecting this assertion, the District Court held that § 5C1.2 requires a defendant to provide complete and accurate information regarding the participation of other people in a drug offense. We apply a *de novo* standard of review to this interpretation of § 5C1.2 by the District Court. *See Adu*, 82 F.3d at 124.

The interpretation of § 5C1.2 proposed by defendant is meritless. Every court which has considered the issue has held that § 5C1.2 requires a defendant to provide complete information regarding the immediate chain of distribution. *See United States v. Arrington*, 73 F.3d 144, 148 (7th Cir.1996); *United States v. Ivester*, 75 F.3d 182, 184 (4th Cir.), *cert. denied* —— U.S. ——, 116 S.Ct. 2537, 135 L.Ed.2d 1060 (1996); *United States v. Romo*, 81 F.3d 84, 85 (8th Cir.1996); *United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir.1996); *United States v. Thompson*, 81 F.3d 877, 879–80 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 214, 136 L.Ed.2d 148 (1996); *United States v. Acosta–Olivas*, 71 F.3d 375, 379 (10th Cir.1995); *United States v. Rodriguez*, 69 F.3d 136, 143 (7th Cir.1995); *United States v. Wrenn*, 66 F.3d 1, 3 (1st Cir.1995); *cf. Adu*, 82 F.3d at 124–25 (holding that § 5C1.2 requires an affirmative act of truthful and complete disclosure, and upholding a finding that a defendant was not entitled to relief under § 5C1.2 when he "did not even provide the government with a completely forthright account of his *own* involvement, *much less complete information concerning other offenses* ")(emphasis added).

■ This blanket disclosure requirement does not hinge upon whether the particular conviction at issue happens to be for conspiracy or for a substantive drug offense. The combined language of § 5C1.2 and the application note cited by defendant is extremely broad: it requires disclosure of "all information" regarding "the offense of conviction and all relevant conduct." *See* U.S.S.G. § 5C1.2(5); § 5C1.2, comment. (n.3). When the ability of a defendant to commit a drug offense depends upon the active participation of other people, information about such participation constitutes information about both "the offense of conviction" and "relevant conduct." [2] Further, several of the cases interpreting § 5C1.2 to require disclosure of information regarding the participation of other people have not involved conspiracy convictions. *See Romo*, 81 F.3d at 85; *Thompson*, 81 F.3d at 878; *Rodriguez*, 69 F.3d at 138. No opinion has suggested that the disclosure requirement of § 5C1.2 applies only in the case of a defendant convicted of conspiracy. *See also United States v. Buffington*, 879 F.Supp. 1220, 1222–23 (N.D.Ga.1995)(noting that, "[w]hile an actual conspiracy is not necessary," a defendant must provide information about his immediate chain of distribution).[3]

■ Defendant also argues that § 5C1.2 cannot require defendants to provide information regarding the involvement of other people because such an interpretation would render § 5C1.2 superfluous by reducing it to a redundant version of U.S.S.G. § 5K1.1 (1995), which allows for downward departures in return for substantial assistance to the government. Again, however, courts uniformly have rejected this argument. *See Ivester*, 75 F.3d at 185; *Thompson*, 81 F.3d at 880–81; *Acosta–Olivas*, 71 F.3d at 379; *Shendur v. United States*, 874 F.Supp. 85, 87 (S.D.N.Y.1995). First, relief under § 5K1.1 is possible only if the government files a motion, whereas a defendant can invoke § 5C1.2 unilaterally. *See Acosta–Olivas*, 71 F.3d at 379; *Shendur*, 874 F.Supp. at 87. Although § 5K1.1 requires a defendant to provide substantial assistance in fact, § 5C1.2 only requires a defendant to provide

---

**2.** For the purposes of Chapters Two and Three of the Sentencing Guidelines, "relevant conduct" expressly includes the following:

[I]n the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy* ), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.

U.S.S.G. § 1B1.3(a)(1)(B) (1995)(emphasis added).

**3.** Further, defendant agreed in his Rule 11 agreement that the District Court could consider "relevant conduct" alleged in the dismissed counts, including the conspiracy count, when arriving at an appropriate sentence.

the information which he possesses, regardless of whether it actually proves helpful to the government. *See, e.g., Thompson,* 81 F.3d at 881. Moreover, a court evaluating a § 5K1.1 motion must grant "substantial weight" to the evaluation by the government of the assistance rendered by a defendant, whereas a court independently reviews the applicability of § 5C1.2. *See, e.g., Ivester,* 75 F.3d at 185. Thus, sections 5C1.2 and 5K1.1 perform distinct functions, not withstanding the obligation under § 5C1.2 to provide complete information about the participation of other people in the offense of conviction.

█ Defendant finally argues that the evidence cannot support the finding by the District Court that defendant lied about the role of Abdullahi as a courier. As noted, defendant denied that Abdullahi was a courier or that he ever identified Abdullahi as a courier. Defendant claims that there is no evidence that Abdullahi was a courier, and stresses that he disclosed the first names of the other individuals who allegedly acted as his couriers.

█ We review a district court's "factual determination of whether a statute or guideline applies in a particular case under a clearly erroneous standard." *Adu,* 82 F.3d at 124. Further, a defendant seeking a downward departure in his sentence has the burden of proving his entitlement to the departure. *Id.* at 123–24.

After hearing the testimony of both the government agent and defendant, the District Court found defendant not to be credible. The conflict between his statements at the time of the drug transactions and his statement at sentencing amply supports the conclusion that he was not telling the truth at sentencing. We accordingly hold that the District Court was not clearly erroneous in finding that defendant could not receive relief under U.S.S.G. § 5C1.2 because he had failed to provide complete information about the true role of Abdullahi.[4]

### III. Conclusion

Accordingly, we AFFIRM the sentence imposed upon defendant by the District Court.

---

4. During oral argument, defendant cited *United States v. Shrestha, supra,* for the proposition that, once he carried his initial burden of proof and showed that he is eligible for relief under U.S.S.G. § 5C1.2, the government had the burden to show that the information which he supplied was untrue or incomplete. *See Shrestha,* 86 F.3d at 940. Regardless of whether we should adopt the framework of shifting burdens suggested in *Shrestha,* however, and even assuming that defendant carried his alleged initial burden of demonstrating his eligibility for relief, the finding of the District Court that defendant had failed to provide complete and accurate information was not clearly erroneous.