**UNITED STATES of America, Plaintiff,**

v.

**Duane HOUSTON, Defendant.**

No. CR–3–99–88(1).

United States District Court, S.D. Ohio, Western Division.

Feb. 7, 2001.

Vincent Paul Popp, Popp & Tuss, Dayton, OH, for Duane Houston.

J. Richard Chema, Assist. U.S. Atty., Dayton, OH, for U.S.

DECISION AND ENTRY OVERRULING, IN PART, DEFENDANT'S MOTION FOR SPECIFIC PERFORMANCE OF PLEA AGREEMENT (DOC. #66)

RICE, Chief Judge.

 On November 21, 2000, Defendant Duane Houston filed a Motion for Specific Performance of Plea Agreement (Doc. # 66). In that filing, Houston argued, inter alia, that the Government had breached its plea agreement with him by failing to file a Motion for Substantial Assistance, pursuant to 18 U.S.C. § 3553(e)

and U.S.S.G. § 5K1.1. As a result, he sought to compel the Government's specific performance of the plea agreement.[1]

On December 7, 2000, the Court conducted an evidentiary hearing on Houston's Motion.[2] (Minutes, Doc. # 70). Thereafter, on December 18, 2000, the Court filed a Partial Decision on Defendant's Motion for Specific Performance of Plea Agreement (Doc. # 69). In that ruling, the Court stated:

> Pursuant to a record made in open Court, on December 7, 2000, during a hearing held on the issue of the Defendant's Motion for Specific Performance of a Plea Agreement (Doc. # 66), this Court concludes that the Defendant has failed to discharge his burden of proving that the Government had a constitutionally impermissible motive for failing to file a Motion for Substantial Assistance, pursuant to 18 U.S.C. § 3553(e) and 5K[1].1 of the United States Sentencing Guidelines, and, moreover that he furnished helpful information to the Government in the investigation and prosecution of others. Still remaining is a decision by the Court as to whether, assuming the foregoing to be true, this Court has the power to decree specific performance of the plea agreement *as drafted*, by ordering the Government to file such a Motion....

(*Id.* at 1).[3]

 The Court turns now to the unresolved issue set forth above, to wit: wheth-

1. "When the government fails to fulfill the terms of a plea agreement, an unsatisfied defendant may seek specific performance or may seek to withdraw his plea.... An express promise to file a motion for downward departure under 18 U.S.C. section 3553(e) or section 5K1.1 of the United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), would be binding on the government." *United*

*States v. Kelly*, 18 F.3d 612, 615–616 (8th Cir.1994) (citations omitted).

2. The Court's docket sheet erroneously reflects that the hearing was held on December 19, 2000. The minutes themselves, however, correctly indicate that the hearing was held on December 7, 2000. (Minutes, Doc. # 70).

3. In addition to seeking specific performance of his plea agreement by requiring the Gov-

er, in light of the language of the plea agreement itself, the Court may compel the Government to file a Motion for Substantial Assistance, despite Houston's failure to show (1) that the Government had a constitutionally impermissible motive for not filing such a motion [4] and (2) that he furnished helpful information to the Government in the investigation and prosecution of others.[5]

In his Motion, Houston contends that the plea agreement, as drafted, does obligate the Government to file a Motion for Substantial Assistance, notwithstanding his failure to make either of the showings set forth above. The relevant portions of the plea agreement are paragraphs five and six, which provide:

> 5. **Duane Douglas Houston** agrees to cooperate fully with the United States, its agents and employees, in providing truthful and complete answers to all inquiries regarding the facts of his case and other criminal offenses of himself and others, including, but not limited to, co-defendants and others involved in the illegal distribution of controlled substances. **Duane Douglas Houston** agrees not to withhold any information. Pursuant to United States Sentencing Guidelines § 1B1.8, any information **Duane Douglas Houston** provides concerning the unlawful activities of others shall not be used in determining the applicable Sentencing Guidelines range in his case to the extent that such information is self-incriminating. If requested by the United States Attorney, such cooperation shall include appearances by **Duane Douglas Houston** as a witness in Grand Jury proceedings and at trial or other court proceedings regarding any such information he provides. If requested by the United States Attorney, **Duane Douglas Houston** will submit to a polygraph examination by a Government examiner concerning any of the matters about which he has furnished information or testified.

> 6. If the defendant provides full, complete, truthful, and substantial cooperation to the Government, the Government reserving the right to make the decision on the nature and extent of the

ernment to file a Motion for Substantial Assistance, Houston also sought a downward departure in sentencing on other grounds. With respect to this other branch of Houston's Motion, the Court noted in its December 18, 2000, ruling that "Defendant's counsel is in the process of contacting the requisite authorities in the State of Hawaii." (Doc. # 69 at 2). For purposes of its analysis herein, the Court will address only Houston's request for a Court order directing the Government to file a substantial assistance Motion, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

4. When the Government refuses to file a substantial assistance motion based upon an unconstitutional motive, a district court may order specific performance of a plea agreement that provides for the filing of such a motion. *See, e.g., Wade v. United States,* 504 U.S. 181, 185–186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (holding that "federal district courts have authority to review a prosecutor's refus-

al to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive"). In its December 18, 2000, ruling, however, the Court found that Houston "has failed to discharge his burden of proving that the Government had a constitutionally impermissible motive for failing to file a Motion for Substantial Assistance . . . ." (Doc. # 69 at 1). .

5. When a defendant provides "substantial assistance in the investigation or prosecution of another person who has committed an offense," a court may, upon motion of the Government, depart downward from the Sentencing Guidelines. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. As the Court noted in its December 18, 2000, ruling, however, Houston has failed to establish "that he furnished helpful information to the Government in the investigation and prosecution of others." (Doc. # 69 at 1).

defendant's cooperation, then the Government agrees to move for a downward departure under U.S.S.G. § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. The defendant hereby agrees that the Government does not promise, solely by the terms of this agreement, to file a Section 5K1.1 or Rule 35 motion. Instead, the Government will file the motion if the defendant complies with the requirements of cooperation discussed in paragraph 5 above. The defendant understands that he will not be allowed to withdraw his guilty plea if the United States does not file the motion for substantial assistance or the District Court denies the motion. ·

(Doc. # 49 at ¶ 5–6).

In his Memorandum, Houston distinguishes between "cooperating" with the Government and providing "substantial assistance" to the Government. (Doc. # 66 at 3). He notes that the foregoing plea agreement only required his "full, complete, truthful and substantial *cooperation*" with the Government. According to Houston, the plea agreement did not require his "cooperation" to result in any "substantial *assistance*" to the Government. In other words, Houston reasons that the plea agreement obligated the Government to file a Motion for Substantial Assistance if he fully "cooperated," yet failed to provide any information that assisted the Government in its investigation and prosecution of others. Finally, Houston insists that he did fully cooperate with the Government, as required by paragraphs five and six of the plea agreement, by answering all questions and making himself available to testify and to undergo a polygraph examination.[6] As a result of this "cooperation," Houston contends that the plea agreement obligated the Government to file a Motion for Substantial Assistance on his behalf.

■ Upon review, the Court agrees that the plea agreement speaks of "cooperation" rather than "substantial assistance." Indeed, paragraph five obligated Houston "to cooperate fully with the United States, its agents and employees, in providing truthful and complete answers to all inquiries regarding the facts of his case and other criminal offenses of himself and others, including, but not limited to, co-defendants and others involved in the illegal distribution of controlled substances." Paragraph five also obligated Houston to cooperate with the Government by appearing "as a witness in Grand Jury proceedings and at trial or other court proceedings" and by submitting "to a polygraph examination by a Government examiner," if requested. Finally, paragraph five obligated Houston "not to withhold any information." (Doc. # 49 at ¶ 5).

Paragraph six also supports Houston's argument through its references to his "cooperation" rather than "substantial assistance." The first sentence of that paragraph states: "If the defendant provides full, complete, truthful, and substantial cooperation to the Government, the Government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then the Government agrees to move for a downward departure under U.S.S.G. § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure." Notably, paragraph six also provides that "the Government *will file* the motion if the defendant complies with the requirements of cooperation discussed in

---

6. Houston explains that he never actually testified on behalf of the Government or underwent a polygraph examination only because he was not asked to do so. (Doc. # 66 at 3).

paragraph 5 above."[7] (Doc. # 49 at ¶ 6) (emphasis added).

In *United States v. Wells*, 211 F.3d 988 (6th Cir.2000), the Sixth Circuit determined that "[t]he difference between substantial assistance and full cooperation is not merely semantic." *Id.* at 996. Indeed, "[a] defendant might fully cooperate with the government yet fail to provide it with information that substantially assists it." *Id.; see also United States v. Doe*, 233 F.3d 642, 644 n. 2 (1st Cir.2000) (reasoning that " 'full, complete and truthful cooperation' does not necessarily constitute 'substantial assistance' under § 5K1.1"); *United States v. Alegria*, 192 F.3d 179, 185 (1st Cir.1999) ("The short of it is that the concepts of 'full, complete and truthful cooperation' and 'substantial assistance' are neither congruent nor interchangeable....").

Given that the parties' plea agreement requires "cooperation" rather than "substantial assistance," the Court will assume, arguendo, that Houston is correct in his assertion that the plea agreement did not require him to provide "substantial assistance" in order to trigger the Government's obligation to file a Motion on his behalf. For purposes of its analysis herein, the Court also will accept, as true, Houston's contention that the plea agreement obligated the Government to file a Motion for Substantial Assistance, provided that he merely "cooperated" in the manner set forth in paragraph five. Finally, the Court will accept, arguendo, Houston's assertion that he did "cooperate" with the Government to the extent required by the plea agreement.

■ Although the foregoing conclusions appear to benefit Houston, they actually do little to advance his cause. Assuming,

arguendo, that the Government breached the plea agreement by failing to file a Motion for Substantial Assistance, that breach could not have prejudiced Houston under the circumstances of the present case. As noted, *supra*, the phrases "substantial assistance" and "cooperation" mean different things. *See, e.g., Wells*, 211 F.3d at 996. Indeed, Houston's present Motion rests upon the premise that the plea agreement required only his "cooperation," rather than his "substantial assistance," in order to trigger the Government's obligation to file a Motion on his behalf. Even if Houston's mere "cooperation" triggered the Government's obligation *to file* a substantial assistance Motion, however, 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 both mandate that a defendant actually *must provide* "substantial assistance in the investigation or prosecution of another person who has committed a crime" before a court has the authority *to sustain* such a Motion. *See also United States v. Maduka*, 104 F.3d 891, 894 (6th Cir.1997) (recognizing that § 5K1.1 requires a defendant to provide "substantial assistance in fact," as opposed to providing all information that he possesses, "regardless of whether it actually proves helpful to the government"). In other words, while Houston's "cooperation" may have compelled the Government to file a § 5K1.1 Motion, the Court could not sustain the Motion absent evidence that he actually provided "substantial assistance" to the Government by assisting in the investigation or prosecution of another person who has committed a crime.

In its December 18, 2000, ruling, however, the Court found insufficient evi-

---

7. As noted above, paragraph five required Houston's "cooperation," but it failed to men- tion "substantial assistance."

dence that Houston had "furnished helpful information to the Government in the investigation and prosecution of others." (Doc. # 69 at 1). Stated differently, the Court has concluded that Houston *did not* provide "substantial assistance" to the Government.[8] Even though he may have "cooperated" with the Government, that "cooperation" did not provide "substantial assistance" in fact. In light of this conclusion, the Court discerns no purpose in requiring the Government to file a Motion for Substantial Assistance. Indeed, the filing of such a Motion would be a futile and idle gesture, given the Court's determination that Houston did not provide any substantial assistance. In effect, the Court's finding that Houston did not provide substantial assistance has rendered moot his Motion for Specific Performance of Plea Agreement. Given that Houston did not provide substantial assistance, requiring specific performance of the plea agreement could not possibly inure to his benefit. Accordingly, the Court hereby overrules the pending Motion for Specific Performance of Plea Agreement (Doc. # 66), insofar as Houston seeks to compel the Government to file a Motion for Substantial Assistance on his behalf.

8. The Court's conclusion on this issue is consistent with the Government's representation that Houston *did not* provide "substantial assistance" within the meaning of 18 U.S.C. § 3553 or U.S.S.G. § 5K1.1. (Doc. # 67 at 1–2).