**UNITED STATES OF AMERICA,
Plaintiff–Appellee,**

v.

**Hershel Burns DEATON, Defendant–
Appellant.**

No. 00–5693.

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before NORRIS and COLE, Circuit Judges; STEEH, District Judge.*

### ORDER

Hershel Burns Deaton appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

A jury found Deaton guilty of two counts of possession of methamphetamine with the intent to distribute it, violations of 21 U .S.C. § 841(a)(1). On May 12, 2000, the district court sentenced Deaton a total of 120 months of imprisonment–the statutory minimum for his crimes–to be followed by five years of supervised release.

In his timely appeal, Deaton argues that the sentencing judge: (1) erred by including 61.2 grams of methamphetamine mixture seized from his barn in determining his relevant conduct under USSG § 1B1.3; (2) erred by denying his request to be sentenced under the safety-valve provision of the Sentencing Guidelines, § 5C1.2; (3) violated the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by concluding that he was not entitled to the benefit of the safety-valve provision; and (4) erred by not reinstating his Fifth Amendment rights concerning his statements at sentencing about amounts of methamphetamine found in Missouri.

■ The district court did not clearly err by including the 61.2 grams seized from Deaton's barn in calculating the amount of methamphetamine attributable to Deaton under the Sentencing Guidelines. *See United States v. Meacham,* 27 F.3d 214, 216 (6th Cir.1994). Deaton sought to exclude the 61.2–gram mixture on the basis that it was seized in Missouri, while the offense conduct allegedly took place in Kentucky only, and because it was merely one-percent pure. The district court properly determined that the methamphetamine should be included because it was part of Deaton's common scheme of "cooking" methamphetamine in Missouri and selling it in Kentucky and because of

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

temporal proximity. *Id.; see also* § 1B1.3(a)(2).

The district court also properly rejected Deaton's purity-based argument. Note (B) to the Drug Table, § 2D1.1(c), directs the court to calculate drug quantities using the base offense level for the entire weight of a methamphetamine mixture, or the actual methamphetamine, whichever is greater. The district court did not clearly err by including the entire weight of the mixture found in Deaton's barn in the drug-quantity determination.

The district court did not clearly err in refusing to sentence Deaton under § 5C1.2, the safety-valve provision. *See United States v. Adu*, 82 F.3d 119, 124 (6th Cir.1996). A defendant has the burden of proving safety-valve eligibility by a preponderance of the evidence. *Id.* at 123–24. The "truthful information" criterion, 18 U.S.C. § 3553(f)(5) and § 5C1.2(5), requires "an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *Adu*, 82 F.3d at 124. This includes complete disclosure of information regarding the immediate chain of distribution. *United States v. Maduka*, 104 F.3d 891, 894 (6th Cir.1997).

The court did not commit clear error. Deaton did not qualify for the provision because trial evidence showed that his disclosure was less than complete. Moreover, the sentencing transcript reveals that Deaton refused to discuss any of his methamphetamine dealings that were not concerned with the offenses of conviction.

Deaton's contention that the district court ran afoul of *Apprendi* by refusing to sentence him under the safety-valve provision lacks a basis in law. *See Apprendi*, 120 S.Ct. at 2362–63. Because Deaton was not sentenced beyond the statutory *maximum, Apprendi* is simply not implicated in this case. *United States v. Munoz*, 233 F.3d 410, 414 (6th Cir.2000).

Deaton argues that the district court erred by not restoring his Fifth Amendment right to be free from self-incrimination. The district court did not err. The authority to grant immunity in this circumstance lies solely with the prosecutor. *See* 18 U.S.C. § 6002 *et seq.; United States v. Hooks*, 848 F.2d 785, 798 (7th Cir.1988).

For the foregoing reasons, we affirm the district court's judgment.