**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lookman F. ABIODUN, Defendant–
Appellant.**

**No. 00–1990.**

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before SILER and CLAY, Circuit

Judges; GRAHAM, District Judge.*

## ORDER

Lookman F. Abiodun, a federal prisoner, appeals the district court's judgment following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Abiodun was indicted on the conspiracy count described above along with one count of engaging in a continuing criminal enterprise (CCE), five counts of distributing heroin, and one count of possessing with intent to distribute heroin. After a jury was chosen and on the day his trial was to begin, Abiodun pleaded guilty to the conspiracy count pursuant to a Rule 11 plea agreement, with the remaining counts to be dismissed. The agreement also provided, *inter alia,* that the attached worksheets represented the joint position of the parties as to sentencing factors, except that there was no agreement as to Abiodun's role in the offense. In return, the government agreed that Abiodun was entitled to a three-level reduction in offense level for acceptance of responsibility and that the sentence of incarceration would not exceed the mandatory minimum of 120 months.

On August 17, 2000, the district court sentenced Abiodun to 120 months in prison and five years of supervised release. The judgment was entered on August 18, 2000, and a corrected judgment was entered on September 12, 2000.

On appeal, Abiodun argues that: (1) the trial court should have reduced his adjust-ed offense level by three for his acceptance of responsibility; (2) the trial court should have reduced his adjusted offense level by an additional two levels pursuant to the safety valve provision; and (3) the trial court should have conducted a hearing instead of accepting the government's unsubstantiated representation that Abiodun had not fully cooperated with the government.

Upon review, we affirm the district court's judgment. A sentencing court's determination regarding a defendant's acceptance of responsibility is entitled to great deference on review. *United States v. Smith,* 245 F.3d 538, 546 (6th Cir.2001) (citing USSG § 3E1.1, comment. (n.5)). Thus, this court reviews the district court's finding that a defendant is not entitled to the reduction for clear error but, if the only issue presented concerns the application of the reduction to uncontested facts, review is *de novo. Id.*

In recommending that Abiodun be granted only a two-level reduction, the probation officer stated that "[t]he defendant accepted responsibility for his involvement in the instant offense at the time he entered into the Rule 11 Agreement before the Court. The defendant offered no further statement in writing, or orally, to the Probation Department." The government also proffered a statement that Abiodun was not fully cooperative even after the sentencing hearing was adjourned to allow further debriefing. Finally, the probation officer noted that the court had already been forced to impanel a jury before Abiodun decided to plead guilty. Given these circumstances, the district court did not clearly err in finding that Abiodun did not accept responsibility

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

either in a timely fashion or to the extent that the additional one-level reduction under § 3E1.1(b) was warranted. *See* USSG § 3E1.1, comment. (n.6) ("The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections.... In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case").

Abiodun next argues that the district court erred in refusing to apply the safety valve provision of USSG § 5C1.2 to further reduce his total offense level by two levels. This guideline reflects verbatim 18 U.S.C. § 3553(f)(1)-(5), which allows courts to impose sentences below the statutory minimum penalty for defendants who meet the criteria. *United States v. Maduka,* 104 F.3d 891, 893 (6th Cir.1997). This section "seeks to reduce some of the harsh inflexibility of mandatory minimum sentences by enabling courts to account more fully for mitigating factors when sentencing those defendants *who are the least culpable participants* in drug trafficking cases." *Id.* (emphasis added). This court reviews *de novo* the district court's determination of whether to apply the safety valve provision. *Id.* at 894. In a related issue, Abiodun asserts that the district court erred by accepting the government's representation that he had not truthfully and fully cooperated instead of conducting a hearing on the issue.

▪ We conclude that the district court did not err in finding that Abiodun did not meet the criteria for application of the safety valve. Even if we were to find that the district court should have held a hearing regarding the extent of his cooperation instead of accepting the government's proffer, Abiodun still failed to establish that he met the criterion set forth in § 5C1.2(4), *i.e.,* that he "was not an organizer, leader, manager, or supervisor of

others in the offense..., and was not engaged in a continuing criminal enterprise...." The count to which Abiodun pleaded guilty described his managerial role in a conspiracy comprising at least five persons, as did the dismissed CCE count. Dismissed counts may be considered in determining relevant conduct for sentencing purposes. *United States v. Hill,* 79 F.3d 1477, 1481 (6th Cir.1996). At the very least, the conduct expressly admitted by Abiodun in establishing the factual basis for his guilty plea precludes a finding that he was one of the "least culpable participants" in the conspiracy and thus entitled to the reduction.

Accordingly, the district court's judgment is affirmed.