**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carol COOK, Defendant–Appellant.**

**No. 99–6319.**

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before: BATCHELDER and COLE,
Circuit Judges; GWIN, District Judge .*

This is a direct appeal from a judgment of conviction in a criminal prosecution in which counsel for the defendant moves to withdraw representation on appeal. This

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Carol Cook was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and two counts of aiding and abetting the distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. The court sentenced Cook to a seventy-eight month term of incarceration and this appeal followed. Counsel for Cook filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cook was served with this motion and a copy of the brief and was invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988).

In 1998, Carol Cook and five other individuals were named in a multiple-count indictment in connection with a scheme to acquire and distribute cocaine hydrochloride. The evidence was that Cook had a minor, yet undeniable, role in the distribution of a substantial quantity of cocaine from the residence of her ex-husband to end users and other distributors, including her daughter. She was specifically named as the person who would retrieve the cocaine from her ex-husband's dwelling when he was not home.

The jury found Cook guilty as noted above and the matter proceeded to sentencing, where the parties agreed that the crimes of conviction carried with them a statutory minimum of 120 months. The district judge, however, found that Cook was eligible for sentencing below the statutory minimum pursuant to the "safety valve" provisions of USSG § 5C1.2. The court thus reduced by two levels Cook's base offense calculation. The court chose to sentence Cook at the lowest end of the resulting seventy-eight to ninety-seven month guideline range. Cook's only objection to this was her request that she be given an even greater "safety valve" reduction because she was "not involved in a conspiracy as much as has been alleged."

On appeal, counsel for Cook advances the arguable issue (while conceding its lack of merit) that the sentence runs afoul of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63. Cook advances the same issue in her pro se filing. In addition, there was an earlier suggestion that the district court should have effected an even greater downward departure.

■ The appellate arguments raised are completely meritless. There was no objection to the sentence on the basis of *Apprendi* because the judgment was entered before the decision in *Apprendi.* This court will therefore review the *Apprendi* claim for plain error. *See United States v. Page,* 232 F.3d 536, 543–544 (6th Cir.2000). The indictment charged Cook with, inter alia, aiding and abetting the distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 and she was convicted on these charges. The base statutory maximum sentence prescribed in § 841(b)(1)(C) is twenty years. Cook ultimately received a seventy-eight month sentence of imprisonment, a term well below the base maximum prison term of twenty years (and the statutory minimum) authorized by

§ 841(b)(1)(C). Thus, *Apprendi* is not implicated in this appeal as Cook did not suffer the loss of any substantial right in the imposition of the judgment on appeal.

■ The remaining issue is likewise without merit. Section 5C1.2 of the Sentencing Guidelines was enacted to reflect the provisions of 18 U.S.C. § 3553(f)(1)-(5), which allows courts to impose sentences below the statutory minimum penalty upon defendants who meet all five criteria. *See United States v. Maduka,* 104 F.3d 891, 893 (6th Cir.1997). In general, this court does not have jurisdiction to hear a sentencing appeal based on the degree of a downward sentencing departure. *See, e.g., United States v. Dellinger,* 986 F.2d 1042, 1044 (6th Cir.1993). The only exception to this rule occurs when a district court does not realize it has the discretion to make a departure. *See, e.g., United States v. Bureau,* 52 F.3d 584, 596 (6th Cir.1995). That is clearly not applicable to the case at bar, as a generous departure was in fact made.

Accordingly, the motion to withdraw representation is granted, all other motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.