**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Duane Douglas HOUSTON,**
**Defendant–Appellant.**

**No. 01–3512.**

United States Court of Appeals,
Sixth Circuit.

July 2, 2002.

Before BOGGS, SILER, and MOORE,
Circuit Judges.

PER CURIAM.

Defendant Duane Douglas Houston appeals the district court's denial of his motion to compel specific performance of his plea agreement, arguing that the government breached the agreement by failing to file a motion for a downward departure based on substantial assistance under USSG § 5K1.1. We AFFIRM.

**BACKGROUND**

Pursuant to a written plea agreement, Houston entered a guilty plea to attempting to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Thereafter, Houston filed a motion for specific performance of the plea agreement, asserting that the government breached the agreement by failing to file a § 5K1.1 motion for a downward departure. Relying on the language, "the Government will file the motion if the defendant complies with the requirements of cooperation discussed in paragraph 5," Houston asserted that he fully complied with the plea agreement's cooperation re-

quirements and therefore the government was obligated to file a § 5K1.1 motion for substantial assistance.

The district court overruled the motion. First, it found that Houston failed to provide substantial assistance. Second, it assumed that: (1) Houston's mere cooperation, as opposed to substantial assistance, triggered the government's obligation to file a § 5K1.1 motion; (2) Houston cooperated with the government as required by the agreement; and (3) the government breached the agreement by failing to file a § 5K1.1 motion. Nevertheless, it concluded that requiring the government to file a § 5K1.1 motion would be futile, given its initial ruling that Houston did not provide substantial assistance.

Before sentencing, the district court offered Houston the opportunity to move to withdraw his guilty plea. Houston declined.

## STANDARD OF REVIEW

Because plea agreements are contractual in nature, we apply traditional rules of contract law in interpreting and enforcing them. *United States v. Lukse,* 286 F.3d 906, 909 (6th Cir.2002). The district court's factual findings regarding the content of a plea agreement are reviewed for clear error. *Id.* Whether the government's conduct violated the agreement is a question of law reviewed *de novo. United States v. Wells,* 211 F.3d 988, 995 (6th Cir.2000).

## DISCUSSION

Section 5K1.1 of the sentencing guidelines authorizes a sentencing court to depart from the sentencing guidelines upon the government's motion stating that "the

defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." A district court may depart under § 5K1.1 only upon a motion from the government. *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

"In many plea agreements, the government refers to the possibility of a § 5K1.1 motion but ultimately reserves unilateral discretion to determine whether the motion is appropriate." *Lukse,* 286 F.3d at 909. "However, in order to induce a defendant to enter a plea agreement, the government may bargain away its discretion and simply promise to make the substantial assistance motion." *United States v. Benjamin,* 138 F.3d 1069, 1073–74 (6th Cir.1998). In such a case, the government is obligated to make a § 5K1.1 motion unless the defendant breaches the plea agreement. *Id.* at 1074.

Houston contends that the government bargained away its discretion to file a § 5K1.1 motion, citing the following language from the plea agreement: "the Government *will* file the motion if the defendant complies with the requirements of cooperation discussed in paragraph 5." In *Benjamin,* we held that "[t]he use of 'will' indicates that the parties did not intend that the government retain its discretion" and therefore the government was obligated to make a § 5K1.1 motion unless the defendant breached the plea agreement. *Benjamin,* 138 F.3d at 1074.

Unlike the plea agreement in *Benjamin,* the plea agreement here contains language reserving the government's discretion to make a motion for substantial assistance in addition to the nondiscretionary language quoted above.[1] The use of both discretionary and nondiscretionary language creates

---

1. For example, the plea agreement provides that "[i]f the defendant provides full, com-

plete, truthful, and substantial cooperation to the Government, the Government reserving

an ambiguity which must be construed against the government. *See United States v. Randolph*, 230 F.3d 243, 248 (6th Cir.2000). Accordingly, construing the plea agreement against the government, the government did not reserve discretion to make a § 5K1.1 motion and its obligation to file a motion was triggered unless Houston breached the agreement.

Houston next argues that the district court applied the wrong standard in determining whether he fulfilled his obligations under the plea agreement. Asserting that the plea agreement merely required that he "fully cooperate" with the government to trigger the government's obligation to file a § 5K1.1 motion, Houston contends that the district court read the agreement to require that he "substantially assist" the government instead of looking to his contractual duty to "fully cooperate."

"Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant...." USSG § 5K1.1 cmt. (n.2). This court has recognized that "[t]he difference between substantial assistance and full cooperation is not merely semantic" and that "[a] defendant might fully cooperate with the government yet fail to provide information that substantially assists it." *Wells*, 211 F.3d at 996; *see also United States v. Maduka*, 104 F.3d 891, 894–95 (6th Cir.1997) (making a distinction between providing substantial assistance and providing all the information that a defendant possesses). The district court here agreed with Houston that the plea agreement spoke in terms of "cooperation" rather than "substantial assistance" and assumed that the plea agreement required only his "cooperation" to trigger the government's obligation to file a § 5K1.1 mo-

tion and that he cooperated with the government to the extent required by the plea agreement. Therefore, the district court applied the proper standard—"full cooperation" as opposed to "substantial assistance"—in determining whether Houston fulfilled his obligations.

The district court assumed, arguendo, that the government breached the plea agreement by failing to make a § 5K1.1 motion for substantial assistance and determined that the breach could not have prejudiced Houston under the circumstances. Even if Houston's mere cooperation triggered the government's obligation to file a § 5K1.1 motion, 18 U.S.C. § 3553(e) and USSG § 5K1.1 mandate that a defendant must provide "substantial assistance in the investigation or prosecution of another person who has committed an offense" before a court has the authority to grant such a motion. *See Maduka*, 104 F.3d at 894–95 (stating that § 5K1.1 requires a defendant to provide "substantial assistance in fact," as opposed to providing the information that the defendant possesses, "regardless of whether it actually proves helpful to the government").

Although the district court did not order the government to make a § 5K1.1 motion, it considered whether Houston provided substantial assistance and concluded that he was not entitled to a downward departure. Accordingly, it did not err in denying Houston's motion for specific performance of the plea agreement given its ruling that he failed to provide substantial assistance.

**AFFIRMED.**

---

the right to make the decision on the nature and extent of the defendant's cooperation, then the Government agrees to move for a downward departure under U.S.S.G.

§ 5K1.1" and that "the Government does not promise, solely by the terms of this agreement, to file a Section 5K1.1."