**Hershel Burns DEATON,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 03–5770.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Hershel Burns Deaton, Inez, KY, pro se.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before: KEITH, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Hershel Burns Deaton, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed

458

under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Deaton was sentenced to a 120 month term of imprisonment following his conviction on two counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. A panel of this court affirmed the conviction and sentence on direct appeal. *United States v. Deaton,* 8 Fed.Appx. 549 (6th Cir.2001). Deaton filed a motion to vacate sentence in 2002 in which he challenged the constitutionality of his sentence on two grounds: 1) that his sentence was imposed in violation of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) that his sentence was the product of ineffective assistance of counsel. Upon review, a magistrate judge filed a report recommending that the motion be denied. Over Deaton's objections, the district court adopted the recommendation, as modified, and granted a certificate of appealability (COA) as to the following issues: 1) whether Deaton's *Apprendi* claim is cognizable on § 2255 review; and 2) whether Deaton's sentence violates *Apprendi.* This court denied Deaton a COA as to any other claims.

On appeal, Deaton essentially argues that: 1) his indictment was defective because it did not specify the drug quantity, that the district court lacked jurisdiction over him, and that his sentence improperly exceeded the mandatory statutory minimum for his offense, all in violation of *Apprendi;* and 2) 21 U.S.C. § 841 is unconstitutional.

Initially, we decline to review Deaton's challenge to the constitutionality of § 841 because he was not granted a COA as this claim.

Upon review, we conclude that the district court properly denied Deaton's § 2255 motion with respect to his *Apprendi* claim. Deaton's *Apprendi* claim is unavailing because *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Regalado v. United States,* 334 F.3d 520, 526–27 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 585, 157 L.Ed.2d 444 (2003); *Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). In addition, *Apprendi* does not create a jurisdictional problem for the federal district courts to hear cases where the drug quantity is not specified in the indictment. *Goode,* 305 F.3d at 385.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.