**Michael PRATT, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 03–1631.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Martin J. Beres, St. Clair Shores, MI, for Petitioner–Appellant.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Respondent–Appellee.

Before MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Michael Pratt appeals a district court judgment that denied his motion to vacate

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

sentence filed under 28 U.S.C. § 2255. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a plea bargain agreement, Pratt pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana in 2000. The plea bargain agreement provided that the government recommend a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a), that Pratt be accountable for a quantity of drugs that does not result in a statutory mandatory minimum sentence, and for a maximum sentence of fifty-seven months. During his plea colloquy, Pratt represented that he merely provided telephones to other members of a drug conspiracy, but was evasive about his knowledge of the types of drugs involved in the conspiracy. A probation officer prepared a presentence investigation report in which she recommended that Pratt not be awarded a two-level reduction for acceptance of responsibility, and Pratt submitted objections. In addition, Pratt agreed to an FBI interview to proffer evidence to the government regarding his involvement in the drug conspiracy. At sentencing, the district court rejected the plea bargain agreement, but Pratt declined an opportunity to withdraw his guilty plea. The district court denied Pratt a reduction for acceptance of responsibility, and sentenced Pratt at the bottom of the guidelines range of sixty-three to seventy-eight months of imprisonment in a judgment entered December 26, 2000. Pratt did not file a direct appeal.

On March 19, 2002, Pratt filed a request for an extension of time in which to file a § 2255 motion, which the district court granted. Pratt then filed his § 2255 motion pro se, alleging that he received ineffective assistance of counsel at sentencing.

The government responded in opposition. The district court appointed counsel to represent Pratt, and counsel submitted a hearing brief. The district court conducted a hearing, at the conclusion of which the district court denied Pratt's motion to vacate judgment, but granted Pratt a certificate of appealability. The district court entered an order and judgment accordingly, and Pratt filed a timely notice of appeal.

On appeal, Pratt contends that: (1) the government waived any challenge to the timeliness of his § 2255 motion; (2) the government waived its contention that he procedurally defaulted his ineffective assistance of counsel claim by failing to assert the claim in a direct appeal; (3) he received ineffective assistance of counsel at sentencing; and (4) the district court abused its discretion in denying his § 2255 motion without conducting an evidentiary hearing. The government responds that Pratt's ineffective assistance of counsel claim lacks merit. Upon consideration, we affirm the judgment essentially for the reasons stated by the district court.

First. Pratt correctly asserts on appeal that the government waived any challenge to the timeliness of his § 2255 motion and its contention that he procedurally defaulted his ineffective assistance of counsel claim. The government concedes in its brief on appeal that it waived these procedural arguments in the district court. Thus, the government has waived these arguments both in the district court and on appeal.

Generally, this court reviews de novo a district court judgment that denied a § 2255 motion, but reviews the district court's findings of fact only for clear error. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir.2003); *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.2000). To establish ineffective assistance of counsel, Pratt

must show that counsel's performance was deficient and that the deficient performance prejudiced him. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, the district court correctly concluded that Pratt cannot show that counsel's performance was deficient.

Essentially, Pratt contends that counsel was ineffective in failing to argue at sentencing that Pratt was entitled to downward departures under the guidelines "safety valve" provision, USSG § 5C1.2, and for his minimal role in the drug conspiracy pursuant to USSG § 3B1.2. First, the guidelines "safety valve" provision, USSG § 5C1.2, reflects verbatim 18 U.S.C. § 3553(f)(1)-(5), the statutory authority for courts to impose sentences below the statutory minimum penalty for defendants who meet the criteria. *United States v. Maduka,* 104 F.3d 891, 893 (6th Cir.1997). In pertinent part, the "safety valve" provision provides that the district court shall impose a sentence pursuant to the guidelines without regard to any statutory minimum sentence if the court finds at sentencing, inter alia, that the defendant truthfully provided the government all information and evidence he had concerning his offense. *See* 18 U.S.C. § 3553(f)(5); *accord* USSG § 5C1.2(a)(5). Second, Pratt contends that counsel should have asserted that the district court should have given him a reduction under USSG § 3B1.2, which "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. (n. 4).

Here, the district court correctly concluded that the record affirmatively belies Pratt's claims. Pratt plainly did not provide full and truthful information to the government in this case. As noted by the district court, Pratt first misrepresented that he merely supplied illegally modified cell phones to other conspirators, then admitted to the FBI that he also sold drugs. Further, the presentence investigation report reflects that Pratt's drug dealings were substantially larger than Pratt admitted. Under these circumstances, the district court correctly concluded that Pratt cannot show that counsel was ineffective in failing to argue for reductions under either the "safety valve" or for a minimal role in the offense. Moreover, the record does not reflect that Pratt was subject to a statutory mandatory minimum sentence in any event. Because Pratt's claims are belied by the record, the district court did not abuse its discretion by denying Pratt's motion without an evidentiary hearing. *See Vroman v. Brigano,* 346 F.3d 598, 606 (6th Cir.2003); *Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir.2001).

For the foregoing reasons, the district court's judgment is affirmed.